UNITED STATES of America and Thornton J. Camfield, Special Agent, Internal Revenue Service

v.

WALL CORPORATION et al., Appellants.

No. 72-1767.

United States Court of Appeals, District of Columbia Circuit.

Dec. 13, 1972.

Mr. Raymond G. Larroca, Washington, D. C., with whom Messrs. Herbert J. Miller, Jr., and William H. Jeffress, Jr., Washington, D. C., were on the brief, for appellants.

Mr. John Mullenholz, Arlington, Va., of the bar of the Court of Appeals of Maryland, pro hac vice, by special leave of court, with whom Messrs. Scott P. Crampton, Asst. Atty. Gen., Crombie J. D. Garrett and Robert E. Lindsay, Attys., Department of Justice, were on the brief, for appellees.

Before McGOWAN, ROBINSON and MacKINNON, Circuit Judges.

PER CURIAM:

The questions presented by this appeal are whether an Internal Revenue Service summons, issued pursuant to 26 U.S.C. § 7602, requiring Wall Corporation to produce books, records, expense vouchers and other data relevant to the tax liability of Daniel C. and Roslyn Wall was issued for a proper purpose, and whether the District Court erred in refusing to permit Wall Corporation discovery designed to adduce the purpose of

the summons. After careful consideration of Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970), and post-*Donaldson* cases,[1] we affirm the District Court's rulings upholding the validity of the summons and refusing to permit discovery.

This case is before this court on appeal from an order of the District Court requiring appellant, Wall Corporation, to comply with an Internal Revenue Service summons issued February 14, 1972 to produce certain documents and records. Appellant Daniel C. Wall, who sought and was granted permission to intervene in the District Court, is the subject of a tax investigation being conducted by Special Agent Camfield. During the course of his investigation, Camfield issued a summons to appellant to produce records and give testimony concerning the taxable years 1967, 1968, and 1969. On February 28, 1972 appellant Wall Corporation appeared at the hearing represented by Daniel C. Wall, its president and sole stockholder, but refused to produce the summoned documents and records. Wall Corporation and Daniel Wall were found in contempt of the District Court order on November 27, 1972.

The contention by appellants that the summons was invalid and would be used solely for gathering information to be used in a criminal prosecution is not supported either by the facts of this case or by the applicable case law. A broad distinction must be drawn between investigation and prosecution. As the Supreme Court in *Donaldson* stated:

> We note initially that, despite the dictum, the courts of appeals in opinions issued since *Reisman* [Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964)] was decided, appear uniformly to approve the use of a summons in an investigation that is likely to lead to civil liability as well as to criminal prosecution. The use

of a summons also has been approved, even where it is alleged that its purpose is to uncover crime, if no criminal prosecution as yet has been instituted. [Footnotes omitted].

400 U.S. at 532–533, 91 S.Ct. at 543.

In United States v. Bell, 448 F.2d 40, 41–42 (9th Cir. 1971), the court, faced with the recurring problem of determining the validity of an Internal Revenue Service summons, stated:

> Where the Government is attempting to collect revenue under the tax laws, and no criminal case is actually pending against the taxpayer, a summons to examine the taxpayer's records obtained pursuant to 26 U.S.C. § 7602, may be used even where its purpose is allegedly to uncover crime.

In this case no recommendation for criminal prosecution has been made, and the material sought is relevant to a determination of the civil tax liability of Daniel Wall and his wife, Roslyn. On these facts, the District Court's holding that the summons was issued for a legitimate purpose is consistent with current interpretations of *Donaldson* and with our own reading of it. The Eighth Circuit has said:

> The *Donaldson* case makes it clear that the summons can be successfully challenged only when a criminal prosecution has been instituted and is pending at the time of the issuance of the summons or when criminal prosecution has been recommended. . . .
>
> Since it is undisputed that there is no related criminal prosecution pending and none has been recommended, the procedural complaints concerning the trial court's alleged restriction on discovery must fall. . . .

United States v. Troupe, 438 F.2d 117, 119 (8th Cir. 1971). *See also* United States v. National State Bank, 454 F.2d 1249 (7th Cir. 1972).

---

1. United States v. National State Bank, 454 F.2d 1249 (7th Cir. 1972); United States v. Bell, 448 F.2d 40 (9th Cir. 1971); United States v. Pritchard, 438 F.2d 969 (5th Cir. 1971); United States v. Troupe, 438 F.2d 117 (8th Cir. 1971).

■ The Supreme Court ended its opinion in *Donaldson* by saying:

We hold that under § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution.

400 U.S. at 536, 91 S.Ct. at 545.

Our inquiry is not ended upon a determination that prosecution has neither been instigated nor recommended, since *Donaldson* also requires that a summons be issued "in good faith." Thus, if it can be shown that the investigating agent had already formed a firm purpose to recommend criminal prosecution even though he had not as yet made a formal recommendation, issuance of the summons would presumably be in bad faith. Similarly, if the civil liability were already determined, the summons would appear to be solely for a criminal purpose. In this case the testimony elicited from Special Agent Camfield indicated that he was in the Intelligence Division, the function of which is criminal investigation, and that no other agent was working on the case. This testimony alone was insufficient to establish bad faith in the sense of a fixed purpose to recommend criminal prosecution. *See* United States v. Stribling, 437 F.2d 765, 773 (6th Cir. 1971); United States v. Erdner, 422 F.2d 835, 836 (3rd Cir. 1970).

We find no error in the quashing of Wall Corporation's subpoena to require Special Agent Camfield to produce memoranda relating to his investigation of the taxpayer. During examination of the agent at the hearing, appellant elicited the nature of his position and the scope of his responsibilities. Apparently Wall Corporation considered Agent Camfield's testimony on these points sufficient to establish that the investigation was "solely for a criminal purpose"

within *Donaldson,* for it chose to inquire no further. The existence of this opportunity to probe for bad faith, and the apparent tactical decision to exploit that opportunity to the very limited and inconclusive degree indicated, persuades us that the District Court did not err in denying further independent discovery.

We conclude, therefore, that the order of the District Court granting the motion of the United States to quash the subpoena served upon Special Agent Camfield and ordering Wall Corporation to produce the documents and materials specified in the summons should be affirmed.[2]

It is so ordered.

2. When this matter was taken under submission on the merits, there was before us a petition to stay the judgment enforcing the summons pending appeal. Learning that the briefs were filed, we asked

the parties, at the argument held on the petition, to address themselves to the merits more fully than would perhaps normally be the case. The disposition we now make renders the petition moot.