**UNITED STATES of America,**
**Appellee,**

v.

**Robert BISHOP, Defendant-Appellant.**

**No. 73–1269.**

United States Court of Appeals,
First Circuit.

Submitted Nov. 5, 1973.

Decided Nov. 20, 1973.

Dennis E. Curtis, New Haven, Conn., pro hac vice on brief, for defendant-appellant.

James N. Gabriel, U. S. Atty., and Wayne B. Hollingsworth, Asst. U. S. Atty., on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from a resentencing on the ground that the second sentence was an impermissible increase over the first, in violation of the rule laid down in North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Procedurally, the case comes before us as the result of the denial of a F.R. Crim.P. 35 motion asserting that the second sentence was illegal as matter of law.

The facts are these. Defendant was convicted on two counts for distributing heroin in violation of 21 U.S.C. § 841(a)(1). Asserting that he was an addict, he requested that he be sentenced under Title II of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. §§ 4251-4255 [hereinafter NARA].[1] The court, because section 4251(f)(4) made the act inapplicable to a defendant having two or more prior felony convictions, felt obliged to impose sentence, instead, under 21 U.S.C. § 841(a)(1) for a period of five years imprisonment, with the additional special mandatory parole term of three years under 21 U.S.C. § 841(b)(1)(A). Defendant appealed. His claim that heroin addiction was a total bar to prosecution for violation of 21 U.S.C. § 841 was rejected, but we upheld his alternative claim that the provisions excluding recidivists was unconstitutional and remanded the case for reconsideration of his eligibility under NARA. United States v. Bishop, 1 Cir., 1972, 469 F.2d 1337. Thereafter, upon consideration of the factors outlined in the act, the district court committed defendant "to the custody of the Attorney General or his authorized representative for an indeterminate period pursuant to the provisions of Title 18, U.S.C., Section 4253 of the Narcotic Addict Rehabilitation Act."

Section 4253(a) reads as follows.

"§ 4253. Commitment

(a) Following the examination provided for in section 4252, if the court determines that an eligible offender is an addict and is likely to be rehabilitated through treatment, it shall commit him to the custody of the Attorney General for treatment under this chapter except that no offender shall be committed under this chapter, if the Attorney General certifies that adequate facilities or personnel for treatment are unavailable. Such committment shall be for an indeterminate period of time not to exceed ten years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed."

We agree with the defendant that his sentence provides for the ten year maximum term. His position is that the final clause of section 4253(a) should have been looked to in the light of *Pearce* and that the maximum should have been limited to the term of the sentence originally imposed. The district court denied this motion, in part because the ten year sentence is mandatory and "being for treatment subject to the conditional release provisions of section 4254[2] is not harsher[3] than the original

---

1. We describe the commitment order authorized by this act as a sentence without concerning ourselves whether, strictly, some less opprobrious word might be considered more appropriate.

2. "§ 4254. Conditional release.
An offender committed under section 4253(a) may not be conditionally released until he has been treated for six months following such commitment in an institution maintained or approved by the Attorney General for treatment. The Attorney General may then or at any time thereafter report to the Board of Parole whether the offender should be conditionally released under supervision. After receipt of the Attorney General's report, and certification from the Surgeon General of the Public Health Service that the offender has made sufficient progress to warrant his conditional release under supervision, the Board may in its discretion order such a release. . . ."

3. The *Pearce* opinion uses the words "harsher," "longer," and "more severe."

sentence. Hence North Carolina v. Pearce, 1969, 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] does not apply."

 Nothing in *Pearce* warrants the government's suggestion that *Pearce* is a procedural rule, to be avoided by the fact that the resentencing was by a different judge. *See also,* Marano v. United States, 1 Cir., 1967, 374 F.2d 583, 585. Nor do we think the court could rule as matter of law that commitment under NARA was less harsh than defendant's original sentence; the two sentences do not seem sufficiently comparable to permit such a flat statement. *Cf.* Baughman v. United States, 8 Cir., 1971, 450 F.2d 1217, cert. denied, 406 U.S. 923, 92 S.Ct. 1791, 32 L.Ed.2d 123; Freeman v. United States, 9 Cir., 1965, 350 F.2d 940. But assuming that, since the later sentence is of longer potential duration, it is to be considered more severe, it does not follow that *Pearce* would be applicable. On the contrary, we hold that it is not.

In North Carolina v. Pearce the Court held that after a conviction had been reversed on the ground of error committed in the course of trial, the court, following retrial, could not impose a longer sentence than the one imposed originally. The Court did not make this an absolute rule, but held that due process required the elimination of the appearance of any possible "vindictiveness" or "retaliatory motivation" in the resentencing lest the fear of such deter defendants from prosecuting meritorious appeals. The Court stated that such possibility could be sufficiently rebutted, for example, if the court found that after the original sentencing, defendant's subsequent conduct warranted a longer sentence. 395 U.S. at 726, 85 S.Ct. 2072. That eliminating the possibility of vindictiveness, rather than prohibiting any increase in sentence as such, is the basis

of the *Pearce* rule was recently emphasized by Chaffin v. Stynchcombe, 1973, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, which upheld a longer sentence imposed on retrial by a jury unaware of the first one.

The complexities that may occur in this area are obvious. We see none, however, in the present case. The new sentence was not some collateral consequence visited upon the defendant following the assertion of error in the first conviction. Rather, it is precisely what defendant had sought from the trial court in the first place. If the court had accepted defendant's view, it would have been obliged to impose precisely the sentence of which he is now complaining. Baughman v. United States, *ante*; United States v. Watkins, D.D. C., 1971, 330 F.Supp. 792, aff'd without opinion, 1973, 154 U.S.App.D.C. 309, 475 F.2d 419. To think that in now doing what it should have done before the court was moved in any respect by vindictiveness would be astonishing.

 Defendant is neither equitably entitled to the windfall he is seeking, nor legally. Even assuming that we accept his hypothesis that the second sentence is harsher because possibly longer than the erroneous first sentence, absent the stricture that defendant would seek from *Pearce*, 18 U.S.C. § 4253 required its imposition. If, through error, a court has imposed a sentence that is less than the statutory minimum, it is not only lawful to revoke the initial sentence and substitute the longer one that should have been imposed, it is obligatory to do so. Bozza v. United States, 1947, 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818; Pollard v. United States, 1957, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393. We find this appeal singularly unmeritorious, and affirm under Local Rule 12.