UNITED STATES of America and Hubert J. Goodrich, Special Agent Internal Revenue Service, Petitioners-Appellants,

v.

Thomas F. ZACK, as President, et al., Respondents-Appellees.

No. 74–2467.

United States Court of Appeals, Ninth Circuit.

July 16, 1975.

Scott P. Crampton, Asst. Atty. Gen., Charles Brookhart, Appellate Section, U.S. Dept. of Justice, Washington, D. C., for petitioners-appellants.

Goodman, Snyder & Gang, Las Vegas, Nev., for respondents-appellees.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and EAST,* District Judge.

WALLACE, Circuit Judge:

The government appeals from the district court's refusal to enforce an Internal Revenue Service (IRS) administrative summons requiring production of books, records and documents pursuant to 26 U.S.C. § 7604. Acting on information secured from an informant, IRS Special Agent Goodrich verified that Dr. Zack kept two sets of books: one for cash payments from patients and one for payments made by check. Armed with this intelligence, Goodrich, after procuring a search warrant, seized various books and records from Zack's office. Subsequently, Goodrich issued an administrative summons pursuant to 26 U.S.C. § 7602 requiring production of additional books, records and documents. Upon Zack's failure to comply, the government sought to enforce the summons. The district court denied enforcement. *United States v. Zack*, 375 F.Supp. 825 (D.Nev.1974). We reverse and remand.

An IRS administrative summons may be issued pursuant to 26 U.S.C. § 7602 in furtherance of an investigation to ascertain correct federal tax liabilities. *Boren v. Tucker*, 239 F.2d 767, 772 (9th Cir. 1956). Enforcement should be denied, however, if it is issued for an improper purpose such as solely in furtherance of a criminal investigation. *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *Wild v. United States*, 362 F.2d 206, 208–09 (9th Cir. 1966). Nevertheless, even if the primary purpose of the investigation is criminal, an IRS summons will be enforced if there is also the legitimate purpose of establishing civil tax liability. *United States v. Held*, 435 F.2d 1361, 1364–65 (6th Cir. 1970), *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971).

Whether the summons in this case was issued for a dual criminal-civil purpose or solely in furtherance of a criminal investigation is a close question. In his affidavit accompanying the petition for enforcement, the IRS agent stated that

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

the summons was issued to investigate Zack's tax liabilities for the years 1970 and 1971. Zack admitted that the materials sought were relevant for this purpose. After a hearing, however, the district court made a finding of fact that the investigation's sole purpose was to establish criminal liability. *United States v. Zack, supra,* 375 F.Supp. at 831.

■ The government argues that, as a matter of law, a court cannot find an investigation to be for solely criminal purposes unless a prosecution is pending. We disagree. It is true that an investigation after indictment may be deemed solely in furtherance of the criminal prosecution. *See Donaldson v. United States,* 400 U.S. 517, 533, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. O'Connor,* 118 F.Supp. 248 (D.Mass.1953). The same would be true if a recommendation for criminal prosecution has been made. *Donaldson v. United States, supra,* 400 U.S. at 536, 91 S.Ct. at 545. But indictment or recommendation of criminal prosecution is not a prerequisite to a finding that an investigation is solely criminal. *United States v. Weingarden,* 473 F.2d 454, 459–60 (6th Cir. 1973); *cf. United States v. Mid-West Bus. Forms, Inc.,* 474 F.2d 722, 723 (8th Cir. 1973).[1]

The government argues to the contrary, relying upon language in *Donaldson v. United States, supra,* where the Court stated that a district judge should find an improper purpose and refuse to enforce an IRS summons in "the situation of a pending criminal charge or, at most, of an investigation solely for criminal purposes." 400 U.S. at 533, 91 S.Ct. at 544. Properly interpreted, this statement does not require the limitation suggested by the government. The disjunctive "or" leaves no doubt but that the administrative summons should not be enforced if either: (1) there is a pending criminal charge, *or* (2) the investigation is solely for criminal purposes.

■ However, in the final paragraph of *Donaldson,* the Court stated that "an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." *Id.* at 536, 91 S.Ct. at 545. From this we conclude that even prior to a recommendation for criminal prosecution, an administrative summons should not be enforced unless it is issued in good faith. We harmonize this "good faith" requirement with the language disapproving the use of the summons in "an investigation solely for criminal purposes" by concluding that the government would not be in good faith if it uses an administrative summons solely for criminal prosecution purposes. Thus in this case, if the administrative summons was used solely for criminal purposes, it is not issued in good faith and is impermissible. This is true even though there has been no recommendation for prosecution. *United States v. Weingarden, supra,* 473 F.2d at 460; *United States v. Wall Corp.,* 154 U.S.App.D.C. 309, 475 F.2d 893, 895 (1972).

■ The burden of showing such an improper purpose is on the taxpayer. *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Where there has been no recommendation for prosecution, that burden will be, as a practical matter, quite difficult to sustain. In this case, however, the district court found that the burden had been met, that the investigation was for solely criminal purposes.

■ On appeal, we must view the evidence and inferences in a light most favorable to the prevailing party, in this case, Zack. *Wineberg v. Park,* 321 F.2d 214, 217–18 (9th Cir. 1963). Significant evidence before the district court included, first, that only one week before the

---

1. Not to the contrary is our language in *United States v. Bell,* 448 F.2d 40, 42 (9th Cir. 1971), that until a case is actually pending, a summons is proper even "where its purpose is allegedly to uncover crime." That language is prefaced by the qualification, "Where the Government is attempting to collect revenue under the tax laws"; in *Bell* one object of the investigation was to determine civil liability. *Id.* at 41–42.

issuance of the summons, Goodrich obtained a criminal search warrant and conducted a search of Zack's offices. Second, the investigation was conducted by a special agent, which is relevant because such an agent is from the IRS Intelligence Division and is concerned primarily with criminal enforcement. *See Wild v. United States, supra,* 362 F.2d at 208 nn. 3 & 4.[2] Third, the summons was intimately connected with the search warrant. On its face, the administrative summons specified that records seized under the prior search warrant need not be produced. Fourth and finally, in his testimony at the district court hearing, Goodrich admitted that as part of his criminal investigation he would ordinarily have obtained a second search warrant for the materials he now seeks. He proceeded by way of summons only after learning that they had been transferred to Zack's attorney, out of reach of a search warrant.

None of these facts, taken alone, would support a conclusion that the sole object of the investigation was to gather data for a criminal prosecution. But, taken together, they may well be sufficient so we could not say the finding that the summons was issued in an investigation solely for criminal purposes was clearly erroneous. *United States v. Mid-West Bus. Forms, Inc., supra,* 474 F.2d at 723; *see United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ However, we cannot be sure that the district court applied the proper test. It is obvious from his opinion that the district judge placed great emphasis on the issuance of the prior search warrant, calling it "a clear hallmark or signpost of an investigation which in all probability is solely criminal in nature." 375

F.Supp. at 830. No doubt this is a relevant fact and may well, in certain cases, tip the scales against the government in the mind of the judge. But it is not, in and of itself, decisive. The securing of a search warrant can properly indicate only that a criminal investigation has sufficiently developed to lead the special agent to believe that there has been a criminal violation. But if there is, concurrent with this criminal investigation, a proper civil investigation, the warrant would not be issued to further a solely criminal investigation. Thus, the district court was in error when it concluded that the issuance of a search warrant was a "factor of like significance" to an indictment or recommendation for criminal prosecution. *Id.* Therefore, we remand this case to the district court to be sure no improper weight was given to the fact of the issuance of the search warrant when the court made its finding that the investigation was solely for criminal purposes.

Reversed and remanded.

EAST, Senior District Judge (dissenting):

I dissent. It is my belief that the District Court's appraisal of the prior search warrant as a red flag badge of a criminal investigative purpose upon the so quickly issued administrative summons for additional information is the only logical and rational inference to be drawn. The majorities' unfounded supposition of "[b]ut if there is, concurrent with the criminal investigation a proper civil investigation, the administrative summons would not be issued to further a solely criminal investigation" is adding pure speculation and conjecture to the record made before the District Court. The District Court should not be faulted for not supposing. I would affirm.

2. But this by itself is not determinative. *Donaldson v. United States,* 400 U.S. 517, 534–36, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).