UNITED STATES of America and Larry R. Willman, Revenue Agent for Internal Revenue Service, Petitioners,

v.

John R. ZIMMERMAN

and

Billie Zimmerman, Respondents.

Civ. A. No. SA76CA152.

United States District Court, W. D. Texas, San Antonio Division.

July 16, 1976.

John E. Clark, U. S. Atty., Archie Carl Pierce, Asst. U. S. Atty., San Antonio, Tex., for petitioners.

John R. Zimmerman, Billie Zimmerman, pro se.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

This case presents aspects of the procedures used to enforce an internal revenue summons. In April of 1976, the IRS was conducting an investigation into the tax liability of Taxpayers John R. Zimmerman and Billie Zimmerman for the year 1974. It served summonses under the authority of 26 U.S.C. § 7602[1] to compel the production of records in the possession of John R. Zimmerman and Billie Zimmerman.[2] Service of summons was effected pursuant to 26 U.S.C. § 7603[3] on April 2, 1976 at 8:53 A.M. The summonses directed them to appear before Larry R. Willman, a representative of the IRS, on April 19, 1976 at 9:00 A.M. at the office of the District Director of the

1. For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. Both summonses called for the production of:
All bank statements, including canceled checks, deposit slips, and ledger sheet, for all bank accounts maintained during 1974. Pass books for all savings accounts maintained during 1974. Workpapers used to prepare your 1974 Individual Income Tax Return. All books and other documents on which income and expenses are recorded. Contracts, receipts, invoices, and any other documents relating to the purchase and sale of capital assets (CAK contracts and house) in 1974. Invoices, receipts, and any other documents relating to expenses incurred in connection with rental, aircraft, and tutoring income in 1974. Contracts, receipts, invoices, and any other documents relating to income and expenses connected with houses sold (Chadwick and Doyle) in 1974.

3. A summons issued under sections 6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(e)(2), or 7602 shall be served by the Secretary or his delegate, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records or other data are described with reasonable certainty.

IRS located at 727 East Durango Boulevard, Room A–210, San Antonio, Texas. The Zimmermans failed to appear.

On May 19, 1976 the IRS filed a petition to enforce summons under the authority of 26 U.S.C. § 7402(b)[4] and § 7604(a)[5] to judicially enforce the IRS summons. On May 21, 1976 the respondents, John R. Zimmerman and Billie Zimmerman, were ordered to appear at the office of Larry R. Willman, Federal Building, 727 East Durango Boulevard, Room A–210, San Antonio, Texas, on June 4, 1976 at 9:00 A.M. for the purpose of obeying the summonses served upon them on April 2, 1976. The Court further ordered that in the event the respondents failed to appear and produce the documents before the said Larry R. Willman, IRS Agent, that they appear before the District Court of the United States for the Western District of Texas, San Antonio Division, Courtroom No. 1, on the first floor of the United States Courthouse, San Antonio, Texas on June 10, 1976 at 10:00 A.M., and show cause why they had failed to appear and produce the documents at the time and place designated in the Order and why they should not be directed to produce the information and records listed in said Order.

The Show Cause Order of May 21, 1976 was personally served upon Billie Zimmerman on May 27, 1976 at 5:30 P.M. along with a form "Summons in a Civil Action" pursuant to Rule 4, F.R.Civ.P.; and the record reflects that the Show Cause Order was personally served upon John R. Zimmerman on June 2, 1976 at 8:20 A.M., along with a form "Summons in a Civil Action".

The respondents failed to produce the documents at the office of Agent Willman on June 4, 1976 at 9:00 A.M. and, likewise, failed to appear before the District Court on June 10, 1976 at 10:00 A.M. At that time an application was made to the Court for an attachment against respondents as for a contempt.[6] After a hearing on the application, an order of attachment was entered ordering the arrest of respondents to bring them before the Court at 2:00 P.M. on June 10, 1976 to proceed with a hearing of the case. A hearing was held for approximately two and one-half hours, at which time the respondents elected to represent themselves. At the conclusion of the hearing, the Court ordered as follows:

(1) That respondents, John R. Zimmerman and Billie Zimmerman are in contempt of this Court's order of May 21, 1976 for failing to produce the required information and records as provided therein and that said respondents stand committed to the custody of the United States Marshal until the same purge themselves of this contempt.

(2) IT IS FURTHER ORDERED that the commitment of respondents to the U. S. Marshal be stayed until June 11, 1976, at 2:00 P.M. to allow respondents to comply with the Court's Order by producing the required information and records before Revenue Agent Larry R. Willman.

The respondents have challenged the propriety of proceeding by means of a show cause order, and have steadfastly maintained throughout that this Court was and is without *in personam* jurisdiction. They contend that in order to comply with the Federal Rules of Civil Procedure the petitioners must serve them with a "Summons in a Civil Action" form pursuant to Rule

---

**4.** If any person is summoned under the internal revenue laws to appear to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

**5.** If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States District Court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records or other data.

**6.** 26 U.S.C. § 7604(b).

4(b), F.R.Civ.P., and they further insist that "there is no provision to serve respondents a complaint against them by a mere order",[7] thereby raising the question of appropriate process within the meaning of § 7402(b) and § 7604(a).

The respondents further allege that the Court was without jurisdiction to order them to appear at Agent Willman's office on June 4, 1976, without first conducting a hearing. And by their failure to comply with the Court's show cause order of May 21, 1976, and to appear in court on June 10, 1976, they have challenged the validity of the Court's show cause procedure itself.

The factual assertion that respondents were not served with a "Summons in a Civil Action" form is simply not the case. The United States Marshal's Service Instruction and Process Record on file in the Clerk's office indicates that respondents were served with copies of the Petition for Enforcement of Summonses, the Show Cause Order, and the Summons in a Civil Action form identical to the one attached to their motion to dismiss with prejudice.

However, be that as it may, the respondents contend that the Rules of Civil Procedure strictly apply to IRS enforcement of summons proceedings, where by a respondent is served with a complaint, instead of a "mere order". And, although nowhere do the respondents raise the question, the Court will consider whether or not the application of the Federal Rules of Civil Procedure requires a respondent in an enforcement of summons proceeding to be allowed a period of twenty days to answer the complaint. As was the contention of the respondents in the case of *United States v. Ruggerio*, 300 F.Supp. 968 (C.D.Cal.1969),

*aff'd*, 425 F.2d 1069 (9th Cir. 1970), *cert. denied*, 401 U.S. 922, 91 S.Ct. 863, 27 L.Ed.2d 826 (1971), the respondents here would relegate summons enforcement actions to the requirements of the Federal Rules of Civil Procedure, including discovery, pretrial, and trial of the issues presented by the hearing. In this connection, respondents rely upon footnote 18 of the case of *United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964):

> "18. Because § 7604(a) contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply, *Martin v. Chandis Securities Co.*, 9 Cir., 128 F.2d 731. The proceedings are instituted by filing a complaint, followed by answer and hearing. If the taxpayer has contumaciously refused to comply with the administrative summons and the Service fears he may flee the jurisdiction, application for the sanctions available under § 7604(b) might be made simultaneously with the filing of the complaint."

As Professor Moore aptly pointed out, much confusion followed the decisions of *Powell* and *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1963).[8] The *Powell* case "evoked a number of different responses." It was held that Rules 3 and 4 should be complied with;[9] that a petition and order to show cause would be treated as a complaint and answer;[10] and that the statement in *Powell*, read in context, was really intended to emphasize the right to an adversary hearing when requested, not to preclude the use of traditional summary proceedings.[11] Then, in the words of Chief Judge John R. Brown of the Fifth Circuit came, "the decision we have been waiting

---

7. (See) Respondents' Plea to the Jurisdiction; Motion to Set Aside Void Contempt Order.

8. 7 J. Moore, Federal Practice, § 81.06[1], pp. 81–85 (2d ed. 1975).

9. *Daly v. United States*, 393 F.2d 873 (8th Cir. 1968).

10. *United States v. Pritchard*, 438 F.2d 969 (5th Cir. 1971).

11. *Venn v. United States*, 400 F.2d 207 (5th Cir. 1968); *United States v. Ruggerio*, supra, and *Wild v. United States*, 362 F.2d 206 (9th Cir. 1966).

for".[12] In 1970 the Supreme Court handed down the case of *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970), where it was stated:

"In our view, however, the taxpayer's argument goes too far in its reading of Rule 24(a)(2) and of the quotations from *Powell* and from *Reisman*. The Civil Rules, of course, do have an application to a summons proceeding. Rule 81(a)(3) expressly so provides.[13] But the Civil Rules are not inflexible in this application. Rule 81(a)(3) goes on specifically to recognize that a district court, by local rule or by order, may limit the application of the rules in a summons proceeding. See 7 J. Moore, Federal Practice § 81.06[6], p. 4442 (2d ed. 1970). This feature was recognized as purposeful by the Advisory Committee when the pertinent language was added to Rule 81(a)(3) in 1946. *Id.*, at § 81.01[6], p. 4413 (2d ed. 1970). The post-*Powell* cases, too, are clearly and consistently to the effect that the footnote in *Powell* was not intended to impair a summary enforcement proceeding so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available. *United States v. Gajewski*, 419 F.2d 1088, 1090–1092 (CA8 1969), cert. denied, 397 U.S. 1040 [90 S.Ct. 1361, 25 L.Ed.2d 651] (1970); *Venn v. United States*, 400 F.2d 207, 212 n. 12 (CA5 1968); *McGarry's Inc. v. Rose*, 344 F.2d 416, 418 (CA1 1965). We agree with that conclusion."

■ Under the principles confirmed in *Donaldson*, the Rules are generally applicable,[14] but the court is free to limit their application when to apply them literally would delay and complicate the proceedings.[15] In referring to this discretionary power of the Court under Rule 81(a)(3), F.R.Civ.P., as enunciated in *Donaldson*, the Court of Appeals for the Fifth Circuit in *United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971), stated that "to ascertain whether there is any basis for questioning the [IRS] summons, the traditional show cause order is an effective and appropriate procedural tool." The Court further stated:

"Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party 'of showing an abuse of the court's process,' *Powell* (note 17, *supra*). In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principal means by which the enforcing Court can determine whether there is anything to 'hear' and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy. And contrary to the contention of both Newman and Taxpayer, that its use somehow destroys the jurisdiction of the enforcing Court, the show cause device is proper and in keeping with the Federal Rules of Civil Procedure, since F.R.Civ.P. 81(a)(3) expressly recognizes that in enforcement proceedings the rules apply 'except as otherwise provided by statute or by rules of the district court or by *order of the court in the proceedings*' (emphasis added). And *Donaldson* spells out that the District Court 'may limit the application of the [Federal] rules in a summons proceeding.' 400 U.S. at 528–529, 91 S.Ct. at 541, 27 L.Ed.2d at 588."

■ It would appear then that the correct procedure was followed in this case. Respondents need not be served with a "Summons in a Civil Action" form as was

---

**12.** *United States v. Newman*, 441 F.2d 165, 166 (5th Cir. 1971).

**13.** 81(a)(3) states, in part:

"(3) . . . These rules apply to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided

by statute or by rules of the district court or by order of the court in the proceedings."

**14.** *United States v. McKay*, 372 F.2d 174 (5th Cir. 1967).

**15.** 7 J. Moore, Federal Practice § 81.06[1], pp. 81–86 (2d ed. 1975).

done here.[16] The respondents need not be served with a complaint,[17] nor be allowed a period of twenty (20) days to file an answer,[18] and, although they insist that they were not afforded an opportunity to be heard, the order of May 21, 1976 clearly gave them the choice of producing the documents before the IRS, or presenting themselves before this Court at a later specified time to voice any objections they may have had to the production of the documents. However, instead of availing themselves of one of the alternatives offered, they chose to ignore both.

This Court's order of May 21, 1976 followed the procedure and guidelines delineating the Court's prerogatives under Rule 81(a)(3), as set forth in the *Donaldson* and *Newman* cases, *supra*. The record reflects that both respondents had ample time to respond to the show cause order after they had been served with copies thereof, and there is no contention to the contrary. However, they chose to make only a written "special appearance" in which they asserted that this Court did not have jurisdiction over their persons, and that they would not appear in person on that date (June 10, 1976) as ordered. When they did not appear at 10:00 A.M. as required by the show cause order, the order of attachment hereinabove referred to was entered, and at 2:00 P.M. on June 10, 1976 they were brought into court, where a hearing was held, at which they elected to represent themselves after the Court had given them full instructions regarding their rights, and had afforded them an opportunity to procure the services of an attorney. The main

thrust of their defense was that their Fifth Amendment right against self-incrimination was being violated, despite their failure to show that any criminal investigation was either in progress or threatened. See *United States v. McCarthy*, 514 F.2d 368 (3rd Cir. 1975). Indeed, Agent Willman stated for the record that no such recommendation had been made. Nor was it shown that the Agent had "already formed a firm purpose to recommend criminal prosecution even though no formal recommendation had yet been made." *United States v. Wall Corp.*, 154 U.S.App.D.C. 309, 475 F.2d 893, 895 (1972). Nor was there any evidence to infer that respondents had a reasonable cause to apprehend danger of criminal prosecution by providing the required information and documents.

The respondents failed to attack the summons along *Powell* lines,[19] in that no showing was made that the summons was issued for an improper purpose, such as to harass the respondents, nor was there any showing of lack of good faith, or that the summons was overreaching and vague.[20] There was no evidence that any of respondents' constitutional rights had been violated or would be violated by the enforcement of the IRS summons.

Therefore, after hearing all the evidence and making the above findings, the Court held respondents in civil contempt for failure to comply with the Court's order of May 21, 1976. However, it was further ordered that the commitment of respondents be stayed until 2:00 P.M. the following day, June 11, 1976, in order give them a chance to comply. If at that point they still

---

**16.** Rule 4, F.R.Civ.P.; Rule 81(a)(3), F.R.Civ.P.; *Donaldson*, supra.

**17.** Rule 3, F.R.Civ.P.; Rule 81(a)(3), F.R.Civ.P.; *Donaldson*, supra.

**18.** Rule 12, F.R.Civ.P.; Rule 81(a)(3), F.R. Civ.P.; *Donaldson*, supra.

**19.** It was epitomized in *Powell*:
"It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused. Such an abuse would take place if

the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *The burden of showing an abuse of the court's process is on the taxpayer * * *.*" (Emphasis added).
379 U.S. at 58, 85 S.Ct. at 255, 13 L.Ed.2d at 119–120.

**20.** *Newman, supra*, at p. 170.

failed to produce the documents, the petitioners were ordered to appear again before the Court at 2:30 P.M. to "demonstrate to the Court's satisfaction the non-compliance of the respondents".

After respondents failed to appear or produce at 2:00 P.M. or at 2:30 P.M. on June 11, 1976, another application for attachment was made by the government, as a result of which an order of attachment was entered, but never executed. Thereupon, on the same date, to wit, June 11, 1976, the Court ordered the contempt order stayed for a period of sixty (60) days from June 10, 1976, in order that respondents may retain counsel and perfect an appeal, if they desired to do so. In the event the respondents fail to perfect an appeal within the sixty (60) day period, the Marshal has been directed to arrest them pursuant to 26 U.S.C. § 7604(b) and 18 U.S.C. § 401, and confine them until they purge themselves of contempt. The order of attachment entered earlier on June 11, 1976 was stayed in a superseding order entered on June 14, 1976.

In the opinion of this Court, the respondents have been accorded full and complete due process of law and their contumacious actions have been glaringly defiant.