**UNITED STATES of America, Appellee,**

v.

**Jimmy J. WALKER, Appellant.**

**No. 77–2378.**

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1977.

Eugene Iredale, Asst. Federal Public Defender, San Diego, Cal., for appellant.

Howard B. Matloff, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., San Diego, Cal., for appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Walker appeals from a denial of his motion to correct an alleged illegal sentence. We affirm.

On October 14, 1970, Walker was charged and indicted, along with codefendants not parties to this appeal, with conspiracy to possess, importation, and knowing concealment and transportation of heroin, violations of 21 U.S.C. § 174. On November 30, 1970, Walker pleaded guilty to Count Three of the indictment, knowing concealment and transportation of a controlled substance. The other two counts of the indictment were dismissed on the Government's motion. Walker was subsequently brought before the District Court for sentencing, and upon his motion, a continuance was granted to determine if he was eligible for commitment under the Narcotics Addicts Rehabilitation Act [NARA], 18 U.S.C. § 4253. Relying upon defense counsel's representation that Walker was ineligible for NARA commitment due to a previous felony conviction in state court for assault by force, the District Court sentenced appellant to a five-year penal term of imprisonment with leave to bring a motion to modify the sentence should Walker later be able to demonstrate qualification for NARA commitment.

On April 30, 1971, Walker petitioned the court to modify his sentence and impose a NARA commitment, submitting a certified copy of a minute order from the Superior Court, County of Riverside, California, adjudicating his former conviction a misdemeanor. After a period of commitment to determine if Walker was an addict and would benefit from treatment, the District Court, on September 20, 1971, and as requested by Walker, committed Walker to an indeterminate sentence, not to exceed ten years, pursuant to NARA. On April 16, 1977, over five years after the commitment under NARA, Walker filed the motion now under review. On May 2, 1977 the District Court denied the motion. Walker now appeals, raising two contentions.

First, Walker argues that his NARA commitment was illegal and thus a nullity. His principal contention here is that his conviction of assault by force likely to produce bodily harm was a crime of violence disqualifying him from NARA treatment. 18 U.S.C. § 4251(f)(1) specifically makes ineligible for commitment under NARA an offender who is convicted of a crime of violence, defined by 18 U.S.C. § 4251(b) as including assault with intent to commit an offense punishable by imprisonment of over one year. California Penal Code § 245, under which Walker was convicted for assault in the state court, provides for periods of imprisonment which exceed one year. We are not persuaded by this argument. 18 U.S.C. § 4251(f)(1) disqualifies "an offender who is convicted of a crime of violence" only when the violent crime is the offense for which sentence is about to be imposed and not for prior convictions. *United States v. Hamilton*, 149 U.S.App. D.C. 295, 297, 462 F.2d 1190, 1192 n.4 (D.C. Cir.1972). *See also Marshall v. Parker*, 470 F.2d 34 (9th Cir. 1972), aff'd 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974). Moreover, we cannot find that 18 U.S.C. § 4251(f)(4) presented any obstacle to Walker's being sentenced under NARA. That section excludes from NARA treatment "an offender who has been convicted of a felony on two or more prior occasions." Walker presented the District Court with evidence of only one prior conviction, apparently a felony originally but later judged by the state courts to be a misdemeanor.

Second, Walker contends that the imposition of the indeterminate NARA commitment after he had begun serving the original five-year penal term was a violation of the fifth amendment's ban on double jeopardy. This argument is quite lame in view of the fact that it was at Walker's own instigation that the NARA commitment was imposed. This modified indeter-

minate NARA commitment was what the appellant initially sought and eventually received. Only now, when the NARA commitment begins to exceed the time of the original penal sentence, does Walker seek to raise claims of illegality in the NARA disposition. Walker "is neither equitably entitled to the windfall he is seeking, nor legally." *United States v. Bishop*, 487 F.2d 631, 633 (1st Cir. 1973).

The District Court's Order must be, and it hereby is,

AFFIRMED.