**UNITED STATES of America and Joseph R. Rouleau, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**Gideon GOLDMAN, Certified Public Accountant, Respondent.**

No. CV–78–1618–RMT.

United States District Court, C. D. California.

June 22, 1978.

Andrea Sheridan Ordin, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for petitioners.

Ben Weisel, a member of Ben Weisel, a Law Corp., Los Angeles, Cal., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### NATURE OF PROCEEDINGS

TAKASUGI, District Judge.

Petitioners, United States of America and Joseph R. Rouleau, Special Agent of the Internal Revenue Service, filed a petition to enforce an Internal Revenue Service summons requesting this court to issue an order directing Respondent, Gideon Goldman, Certified Public Accountant, to give testimony relating to the tax liabilities of Haim Mizrahi for the years 1973, 1974, 1975 and 1976, and produce for examination certain specified records, books and other documents as more particularly described in the summons attached to the petition.

On May 1, 1978, this court issued an order directing Respondent to appear on May 24, 1978, and show cause why the summons should not be enforced. Haim Mizrahi has not sought to intervene in these proceedings. On May 10, 1978, Respondent filed opposition to the enforcement of the summons and on May 17, 1978, Petitioners filed their reply. On May 24, 1978, the matter came on regularly for hearing before this court. During the course of the hearing the court received evidence from the Petitioners and Respondent, including the testimony of Petitioner Agent Rouleau, and heard the arguments of counsel.

This court, having considered all of the pleadings, memoranda, exhibits, declarations, evidence received and arguments of counsel now makes the following findings of fact and conclusions of law:

### I

### FINDINGS OF FACT

1. Petitioner, Joseph R. Rouleau, is a Special Agent of the Internal Revenue Service, employed in the Intelligence Division of the Office of the District Director of Internal Revenue in Los Angeles, California.

2. Respondent, Gideon Goldman, Certified Public Accountant, maintains an office at 8417 Beverly Boulevard, Suite 201, Los Angeles, California.

3. Petitioner, Agent Rouleau, is conducting a joint investigation with an agent from the Audit Division, District Director's Office, Los Angeles, for the purpose of ascertaining the correct income tax liabilities of Haim Mizrahi for the years 1973, 1974, 1975 and 1976. This joint investigation has not been completed.

4. Respondent is in possession and control of testimony and documents which may be relevant to this investigation.

5. To date, no determination has been made by Petitioners as to whether or not the taxpayer, Haim Mizrahi, has correctly reported his income tax liabilities for the years 1973, 1974, 1975 and 1976, nor has any determination been made as to whether or not the taxpayer, Haim Mizrahi, has violated any criminal statute.

6. To date, no recommendation has been made by Petitioner, Agent Rouleau, to the Chief of Intelligence to prosecute the taxpayer, Haim Mizrahi, nor has a formal recommendation to prosecute been submitted by the Internal Revenue Service to the Justice Department.

7. No recommendation has been made to assert any additional income tax deficiencies against the taxpayer, Haim Mizrahi, for the years 1973, 1974, 1975 and 1976.

8. On September 26, 1977, an Internal Revenue Service summons was issued by Petitioner, Agent Rouleau, directing Respondent to appear before Petitioner on October 18, 1977, at 9:00 A.M., at the offices of the Internal Revenue Service located at 6230 Van Nuys Boulevard, Room 2N34, Van Nuys, California, to give testimony and produce for examination the following books, records, and other documents:

All books, papers, records and memoranda relating to the maintenance of records and the preparation of tax returns for HAIM and SIMI MIZRAHI, MIZRAHI IMPORTS, and CAMERA and ELECTRONICS CENTER; including, but not limited to the following: All workpapers prepared in connection with your accounting function for the above named entities and individuals; financial statements prepared for the above named; bank reconciliations for the above named; retained copies of all Federal, State, and local tax returns, including Federal payroll tax returns, forms 941; records relating to fees received for accounting and other services performed; and correspondence relating to the activities of the above named. The above called for records should cover the period from the commencement of your services as a CPA for the above individuals and entities through and including December 31, 1976.

9. On September 26, 1977, a copy of the summons was personally served on Respondent.

10. In accordance with Section 7609(a) of Title 26, United States Code, notice of service of the aforesaid summons and a copy of the summons were sent by certified mail to the taxpayer, Haim Mizrahi, on September 26, 1977.

11. By a letter dated October 7, 1977, the taxpayer, Haim Mizrahi, by and through his authorized representative, Ben Weisel, Attorney at Law, gave written notice to the Respondent not to comply with the aforesaid summons. A copy of this letter was sent by certified mail to the Internal Revenue Service on October 7, 1977. (*See* Section 7609(b) of Title 26, United States Code.)

12. On October 18, 1977, the Respondent did not appear in response to the summons and has failed to comply with the summons thereafter.

13. The books, records and other documents sought by the summons are not in Petitioners' possession, nor have they been previously examined by Petitioners.

14. Petitioners have followed the procedural steps required by the Internal Revenue Code.

15. Any conclusion of law deemed as properly constituting a finding of fact is hereby adopted as a finding of fact.

## II

### CONCLUSIONS OF LAW

1. This court has jurisdiction to enforce judicially an Internal Revenue Service summons in accordance with Sections 7402(b) and 7604(a) of Title 26, United States Code.

2. It has been held that the Internal Revenue Service does not have to meet a standard of probable cause in order to obtain enforcement of its summonses.

However, the investigative powers of Section 7602 of Title 26, United States Code, although broad, are not without limitation. *United States v. Coopers & Lybrand,* 550 F.2d 615, 619 (10th Cir. 1977). As stated in *United States v. Coopers & Lybrand, supra,* at page 619, the Internal Revenue Service does not have carte blanche discovery. There is a test; its elements must first be satisfied if enforcement is to be granted. What must be shown is:

(1) that the investigation will be conducted pursuant to a legitimate purpose;

(2) that the inquiry may be relevant to the purpose;

(3) that the information sought is not already within the Service's possession; and

(4) that the administrative steps required by the Internal Revenue Code have been followed.

*See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); and *United States v. Church of Scientology of California,* 520 F.2d 818, 821 (9th Cir. 1975).

3. In *Donaldson v. United States,* 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971), the Supreme Court concluded that "under [26 U.S.C.] § 7602 an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for a criminal prosecution." This language has been interpreted by the Ninth Circuit to mean that if the administrative summons is used solely for criminal purposes, it is not issued in good faith even though there has been no recommendation for prosecution. *United States v. Zack,* 521 F.2d 1366 (9th Cir. 1975). Petitioners issued the summons in good faith and for a legitimate purpose— to determine the correctness of Haim Mizrahi's income tax liabilities for the years 1973, 1974, 1975 and 1976. *See,* Section 7602 of Title 26, United States Code; *Donaldson v. United States, supra.* However, this court notes that even if the primary purpose of the investigation is criminal, the summons will be enforced if there is also present the legitimate purpose of establishing civil tax liability. The fact that the investigation is being conducted by a special agent is not of itself determinative of an improper purpose. *United States v. Zack, supra,* at 1369, footnote 2. *See also, Donaldson v. United States, supra.*

4. Petitioners have followed the administrative steps required by the Internal Revenue Code.

5. The books, records and other documents sought by the summons are not in Petitioners' possession, nor have they been previously examined by Petitioners.

6. The testimony, books, records and other documents sought in the summons for the years 1973, 1974, 1975 and 1976 may be relevant in determining the correctness of Haim Mizrahi's income tax liabilities for the years 1973, 1974, 1975 and 1976.

7. The testimony, books, records and other documents sought in the summons for the year 1972 regarding Camera and Electronics Center may be relevant in determining the correctness of Haim Mizrahi's income tax liabilities for the years 1973, 1974, 1975 and 1976. Such information is needed to verify that Mizrahi's interest in the business was sold in 1972 and that the entity was dissolved, as well as to determine the disposition of assets and to what extent Mizrahi received distributions which may be the source of related transactions in 1973, 1974, 1975 and 1976.

8. The test of materiality and relevance under Section 7602 of Title 26, United States Code has been defined as whether the inspection sought might have thrown light on the correctness of the taxpayer's returns. *United States v. Matras,* 487 F.2d 1271, 1274 (8th Cir. 1973); *United States v. Shlom,* 420 F.2d 263 (2nd Cir. 1969), *cert. denied,* 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970). As stated by the Second Circuit in *United States v. Harrington,* 388 F.2d 520, 524 (2nd Cir. 1968), the question is "whether the 'might' in the articulated standard, 'might throw light upon the correctness of the return,' is in the particular circumstances an indication of a realistic expectation rather than an idle hope that something may be discovered."

Petitioners contend that to determine the tax liabilities of Mizrahi for 1973, 1974, 1975 and 1976 the records of prior years (i. e., from the commencement of Respondent's services in 1970 to December 31, 1972) are required as transactions may exist in 1973, 1974, 1975 and 1976 which originated in or are traceable to the prior years. Additionally, Petitioners argue that the prior years' records may establish whether 1973, 1974, 1975 and 1976 transactions involved taxable or non-taxable events. These statements in effect contain nothing of particularity concerning this case. There is no reference to any transaction which might possibly afford a realistic expectation necessary to obtain the 1970–1972 documents.

■ Under Petitioners' theory, production of documents for years prior to the taxable years in question could be obtained automatically based merely on a general assertion that prior years' records may somehow contain information concerning the taxable years in dispute. The law requires more.

Petitioners have thus failed to sustain their relatively light burden of showing that the testimony, books, records and other documents sought in the summons with respect to periods prior to the years 1973, 1974, 1975 and 1976 (with the exception of Camera and Electronics Center's 1972 year) might throw light on the correctness of Haim Mizrahi's income tax liabilities for the years 1973, 1974, 1975 and 1976. Mere idle hope or generalized speculation is not enough.

■ 9. Petitioners have requested the retained copies of all federal, state and local tax returns, including federal payroll tax returns and claim that the retained copies are not in their possession. Petitioners state that the retained copies may or may not be duplications of the returns filed with the governmental agencies involved. Petitioners have failed to make any showing whatsoever as to why, in this case, the retained copies of the returns are different from the returns filed with the governmental agencies involved. Thus, Petitioners have failed to meet their burden of showing

a realistic expectation that something may be discovered from the retained copies of the tax returns.

10. Petitioners' request to require the Respondent to give testimony and produce the books, records and other documents sought in the summons with respect to the years 1973, 1974, 1975 and 1976 is granted.

11. Petitioners' request to require the Respondent to give testimony and produce the books, records and other documents sought in the summons with respect to Camera and Electronics Center for the 1972 year is granted.

12. Petitioners' request to require the Respondent to give testimony and produce the books, records and other documents sought in the summons with respect to periods prior to the years 1973, 1974, 1975 and 1976 (with the exception of Camera and Electronics Center's 1972 year) is denied.

13. Petitioners' request to require the Respondent to produce retained copies of all federal, state and local tax returns, including federal payroll tax returns, is denied.

■ 14. Respondent is not entitled to reasonable attorney's fees under Section 1988 of Title 42, United States Code. Petitioners' summons was issued in good faith and for a proper purpose. Respondent has failed to sustain his burden of showing to the contrary.

15. Any finding of fact deemed as or properly constituting a conclusion of law is hereby adopted as a conclusion of law.