**UNITED STATES of America and John R. Lansdon, Revenue Agent, Internal Revenue Service, Petitioners,**

v.

**BANK OF STOCKTON and Sam Yost, Manager, Stockton and San Joaquin Branch, Respondents.**

**John R. Marthaler and Grace J. Marthaler, Intervenors**

**No. S78–682–AAH.**

United States District Court, E. D. California.

Feb. 23, 1979.

Solomon E. Robinson, Asst. U. S. Atty., Sacramento, Cal., for petitioners.

John Marthaler, pro se and for Grace Marthaler.

Respondent Bank of Stockton did not appear.

## FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER ENFORCING SUMMONS

HAUK,* District Judge.

### Findings of Fact

1. The Petitioner John R. Lansdon is a Revenue Agent employed by the Examination Division of the Internal Revenue Service (IRS), and is authorized to issue Internal Revenue summonses pursuant to the Internal Revenue Code, 26 U.S.C. § 7602.

2. On September 19, 1978, Agent Lansdon issued the IRS summons (Treasury Form 2079), a copy of which is attached hereto as Exhibit A, as part of his investigation to determine the civil tax liability of John and Grace Marthaler, the intervenors in this proceeding.

3. The summons was carefully, properly, and lawfully issued under the Internal Revenue Code, 26 U.S.C. § 7602, and its issuance did not violate the Constitution of the United States.

4. The summons was carefully, properly, and lawfully served by Agent Lansdon pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7603 and 7609, and its service did not violate the Constitution of the United States.

5. The purpose of the summons, which calls for bank statements, deposit slips, copies of checks, signature cards, savings accounts, time certificates, and loan records in the name of the intervenors at the Respondent Bank, was, and continues to be, to secure information relevant to the IRS inquiry into the civil tax liability of the intervenors. As such, its issuance was in furtherance of a legitimate purpose under the Internal Revenue Code, 26 U.S.C. 7602.

6. In the issuance and service of the summons, the administrative steps and procedures required by the Internal Revenue Code, 26 U.S.C. § 7609, relating to third-party summonses were followed.

7. There has been no abandonment by Petitioners of their inquiry into the civil tax liability of the intervenors.

8. Petitioners have neither recommended nor undertaken an inquiry into the possible criminal tax liability of the intervenors.

9. There is no factual basis for any finding of harassment, bad faith, conflict of interest, or violation of Constitutional standards relating to the issuance, service or judicial enforcement of this summons by this Court.

### Conclusions of Law

1. This Court has jurisdiction pursuant to 26 U.S.C. § 7402(b) and 7604(a).

2. The Petitioners have made a legally sufficient showing that they met the standards of probable cause to obtain judicial enforcement of the summons. *United States v. Church of Scientology of California*, 520 F.2d 818 (9th Cir. 1975).

3. After this initial showing was made by the Petitioners, the burden is upon the taxpayer-intervenors to establish that the summons was issued in bad faith or for an improper purpose. *United States v. LaSalle National Bank*, 434 U.S. 996, 98 S.Ct. 632, 54 L.Ed.2d 489 (1978); *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Zack*, 521 F.2d 1366 (9th Cir. 1975). The intervenors have failed to meet this burden.

4. There is no legal merit to the intervenors' other arguments. The Constitutionality of income tax laws enacted pursuant to the United States Constitution, Amendment 16, is established. *Brushhaber v. Union Pac. R. R.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); *Burnet v. Wells*, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439 (1933); *Swallow v. United States*, 325 F.2d 97 (10th Cir. 1963), *cert. denied*, 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497; *Crowe v. Commissioner*, 396 F.2d 766 (8th Cir. 1968). Nor do

* Sitting by designation of Chief 9th Circuit Judge James R. Browning.

income tax laws, as applied to Federal judges, violate the United States Constitution, Art. III, § 1. *O'Malley v. Woodrough,* 307 U.S. 277, 59 S.Ct. 838, 83 L.Ed. 1289 (1939). Equally established is the proposition that Federal Reserve Notes are taxable legal tender. *United States v. Daly,* 481 F.2d 28 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Schmitz,* 542 F.2d 782 (9th Cir. 1976) *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977); *United States v. Wangrud,* 533 F.2d 495 (9th Cir.), *cert. denied,* 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976).

Accordingly, an Order enforcing the summons shall be entered.

### Order Enforcing Internal Revenue Summons

The Order to Show Cause having come on for hearing before this Court on February 15, 1979, and this Court having considered the pleadings, briefs, affidavits, testimony, exhibits, and arguments of counsel for Petitioners and John Marthaler on behalf of himself and Grace Marthaler, the intervenors, and having this day entered its Findings of Fact and Conclusions of Law herein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT Respondent Bank of Stockton produce the records described in the subject Internal Revenue Service summons, a true copy of which is attached hereto as Exhibit A, at its Main and San Joaquin Branch in Stockton, California, on the dates and at the times set forth below:

| Dated | Record |
|---|---|
| February 28, 1979 10:00 AM | Copies of signature cards, bank statements relating to demand (checking) accounts, certificates of deposit and ledger or comparable statements relating to savings accounts. |
| March 15, 1979 10:00 AM | Loan records; deposit slips, and other records of deposit on all accounts (except copies of checks). |
| April 20, 1979 10:00 AM | Microfilm copies of all checks deposited in checking or savings accounts (including the purchase of certificates of deposit). |

IT IS FURTHER ORDERED that each party shall bear its, his, and her own costs of this proceeding.

IT IS FURTHER ORDERED that, pursuant to the provisions of 26 U.S.C. § 7610(a)(2), upon compliance with the summons by the Respondent and upon the submission of satisfactory proof to the Petitioners, the Respondent shall be reimbursed for such costs that were reasonably necessary and which have been directly incurred in searching for and reproducing the records sought by the summons.

ORDERED this 23rd day of February, 1979, at Sacramento, California.

EXHIBIT A

# Certificate of Service of Summons and Notice
(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown
on the front of this form on:

| Date 9/20/78 | Time 12'20 PM |

**How Summons Was Served**

☒ I handed an attested copy of the summons to the person to whom it was directed.

Sam Yost - Manager

☐ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any).

Signature *John E. Lansdon*     Title *Internal Revenue Agent*

This certificate is made to show compliance with section 7609, Internal Revenue Code. This certificate applies only to summonses served on third-party recordkeepers and not to summonses served on other third parties or any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Form 2039-D) to the person named below on the date and in the manner indicated.

Date of Giving Notice: 9/20/78     Time: _____

Name of Noticee: ① John L. Marthaler ① John Lloyd
② Grace Marthaler ① Mark Lawrence
③ National Law Strategy

Address of Noticee (if mailed): ① 1312 Rudeena Road Walnut Creek, Calif
② P.O. Box 203 Broadway, Sonoma, Calif

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ I gave notice by handing it to the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ No notice is required.

Signature *John E. Lansdon*     Title *Internal Revenue Agent*

Form 2039 (Rev. 3-77)

310

# Summons

In the matter of the tax liability of

John L. & Grace Marthaler

Internal Revenue District of __San Francisco, California__

Periods __1973,1974,1975,1976,1977__

The Commissioner of Internal Revenue

To __Bank of Stockton__

At __Main & San Joaquin, Stockton, California__

You are hereby summoned and required to appear before__John R. Lansdon__, an officer of the Internal Revenue Service, to give testimony relating to the tax liability or the collection of the tax liability of the person identified above for the periods shown and to bring with you and produce for examination the following books, records, papers, and other data:

All banking records in the name of the above taxpayers and/or John Lloyd, Mark Lawrence and/or doing business as National Law Strategy. Records required will include but not be limited to the following:

1. Bank Statements 2. Deposit Slips 3. Micro-film copies of all checks deposited 4. Signature cards 5. Savings accounts, 6. Time Certificates 7. Loan Records.

This information is required for each of the above stated years.

Business address and telephone number of Internal Revenue Service officer named above:

707 Sonoma Avenue, Room 1-12, Santa Rosa, California 95404 - 707-525-4393

Place and time for appearance:

at 401 North San Joaquin St., Stockton, California 95202

on the __6th__ day of __October__, 19 __78__ at __Eleven__ o'clock __A__ .M.

Issued under authority of the Internal Revenue Code

this __19th__ day of __September__, 19 __78__

Signature of Issuing Officer — Internal Revenue Agent / Title

Signature of Approving Officer
(if applicable) — Group Manager / Title

Original to be retained by IRS

Form 2039 (Rev. 3-77)

