UNITED STATES of America and Ronald R. Taylor, Special Agent, Internal Revenue Service, Appellees,

v.

Sidney W. ROSINSKY, Appellant.

No. 76–1237.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1976.

Decided Jan. 19, 1977.

---

Norman B. Smith, Greensboro, N. C. (Smith, Patterson, Follin, Curtis & James, Greensboro, N. C., Richard J. Tuggle, William L. Tankersley, III, Tuggle, Duggins, Meschan, Thornton & Elrod, Greensboro, N. C., on brief), for appellant.

Daniel F. Ross, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D. C., N. Carlton Tilley, Jr., U. S. Atty., Greensboro, N. C., on brief), for appellees.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and MERHIGE, District Judge.*

* Sitting by Designation.

RUSSELL, Circuit Judge:

The appellant appeals from an order of the District Court enforcing an Internal Revenue Service summons issued under § 7602, 26 U.S.C., requiring him to appear and provide handwriting exemplars.

The order arose out of a review of appellant's tax returns for the years 1970 through 1974. An issue in such review concerns certain invoices purportedly issued by one Jerry Griffin covering transportation charges for hauling poultry and produce and certain checks issued in payment for such transportation and purportedly cashed by the same Jerry Griffin. Griffin has denied preparing the invoices, endorsing the checks, or receiving the proceeds of such checks. There is evidence that the taxpayer cashed some of these checks, though he has reported no income from transportation of poultry or produce on either his personal tax returns or those of the paperbox company of which he is president and sole stockholder. The Service sought to secure handwriting exemplars to enable its experts to compare the handwriting of the appellant with the writing on the invoices and the signatures on the checks under review. When the appellant refused, the Service issued the summons under challenge in these proceedings. Upon failure of the appellant to comply, proceedings were begun in the District Court. That Court, after a hearing at which exhaustive testimony was taken, issued its order from which this appeal is taken.

"* * * § 7601 [26 U.S.C.] gives the Internal Revenue Service a broad mandate to investigate and audit 'persons who *may* be liable' for taxes," and § 7602 [26 U.S.C.] provides the power to conduct such investigation by authorizing the Secretary of the Treasury or his delegate "* * * (2) To summon the person liable for tax * * * to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry." *See United States v. Bisceglia* (1975) 420 U.S. 141, 145, 95 S.Ct. 915, 918, 43 L.Ed.2d 88. The authority thus given to require the witness to "appear" impliedly carries with it the power to require certain nontestimonial acts on the part of the witness such as providing handwriting or voice exemplars. This follows from the analogy of the administrative summons under § 7602 to a grand jury subpoena. *United States v. Bisceglia, supra,* 420 U.S. at 147–8, 95 S.Ct. 915; *United States v. Powell* (1964) 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112; *United States v. Matras* (8th Cir. 1973) 487 F.2d 1271, 1274.[1] It is settled that, under a grand jury subpoena, a witness may be compelled to give handwriting exemplars and such compulsion does not violate the Fourth or Fifth Amendments or any common law right of privacy. *United States v. Dionisio* (1973) 410 U.S. 1, 8, 93 S.Ct. 764, 35 L.Ed.2d 67; *United States v. Mara* (1973) 410 U.S. 19, 21, 93 S.Ct. 774, 35 L.Ed.2d 99.[2] Since the

1. The appellant takes exception to analogizing the summons under § 7602 to a grand jury subpoena, despite the fact that this is exactly what the Supreme Court has done in the two recent cases cited. It is his argument that an appearance before the grand jury is under judicial control and supervision but that there is no "direct judicial supervision" of the investigation conducted by the Service. This argument rests on an erroneous assumption; it disregards the fact that a summons by the Service may only be enforced by the Court, § 7604(b), 26 U.S.C., and that any enforcement action "is an adversary proceeding which affords a judicial determination of challenges to the summons. The witness may challenge the summons on any appropriate ground. Enforcement orders are appealable, and stay orders pending appeal [such as has been entered in this proceeding] may be entered to protect the witness while the summons is being tested." *United States v. Campbell* (8th Cir. 1975) 524 F.2d 604, 607. And the grounds on which the administrative summons and the grand jury subpoena are issued are broadly the same. *Cf.* the grounds for challenge of the grand jury subpoena as stated in *United States v. Dionisio,* 410 U.S. 1 at 11–2, 93 S.Ct. 764, 35 L.Ed.2d 67 with the grounds for challenge of a summons under § 7602 as set forth in *Donaldson v. United States* (1971) 400 U.S. 517, 526, 91 S.Ct. 534, 27 L.Ed.2d 580.

2. In *United States v. Mara,* the Court said: "* * * Handwriting, like speech, is repeatedly shown to the public, and there is no

power under the § 7602 summons is "essentially the same as the grand jury's," it seems obvious that, contrary to appellant's argument, the appellant may be compelled, subject to certain restrictions imposed by § 7605(b), 26 U.S.C., to give handwriting exemplars.

§ 7605(b) prohibits "unnecessary examination or investigations" under § 7602. In construing § 7605(b) and its companion sections, the Supreme Court has declared that, for the Service to secure judicial enforcement of its administrative summons as it seeks in this case, it must show " 'that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed * * *.' " *Donaldson v. United States, supra,* 400 U.S. at 526–7, 91 S.Ct. at 540.[3]

Even if one, however, may be compelled under a § 7602 summons to furnish handwriting exemplars, a requirement to do so in this case, the appellant contends that under the construction given § 7605(b) in *Donaldson,* was improper because (1) it was unnecessary in that "the information sought is * * * already within the possession of the Internal Revenue Service," and (2) it was not for "a legitimate purpose." In support of his first objection, he asserts the Service is already in possession of examples of his handwriting and that

such examples are sufficient to enable the Service's handwriting experts to give an opinion on whether he had written the "Jerry Griffin" invoices or endorsed the "Jerry Griffin" checks. The questioned writing on the invoices, however, was in "block" letters and the specimens of appellant's handwriting available to the Service were cursive. Moreover, the Service had no specimens of appellant's writing of the words "Jerry Griffin." While a handwriting expert may be able to give an opinion on whether a particular signature was that of an individual based simply on a comparison of such signature with other admitted specimens of the individual's handwriting, it is manifest that the trustworthiness of such opinion is increased if the expert has had an opportunity to compare the disputed signature with another admitted specimen of the individual's writing of such signature. That is what the Service sought by its demand for handwriting exemplars. The District Court found that the demand was relevant and material to the inquiry by the Service and was not unnecessary or harassing. We agree.

Appellant's second ground of objection to the summons is that the demand for handwriting exemplars is solely for the purpose of obtaining evidence for use in a criminal prosecution. He argues that under *Donaldson,*[4] a summons under § 7602 is proper only if "issued in good faith and prior to a recommendation for criminal prosecution," and that, under *United States v. Wall Corporation* (1972), 154 U.S.App.

---

more expectation of privacy in the physical characteristics of a person's script than there is in the tone of his voice." (p. 21, 93 S.Ct. p. 776)

3. There is another ground for sustaining the summons asserted by the Government but disputed by the appellant. It involves a construction of the terms "books, papers, records, or other data," the production of which is compellable under § 7602. The Government, relying on *United States v. Campbell,* 524 F.2d 604, asserts that handwriting exemplars fall within the term "other data." The appellant, on the other hand, contends that "other data" is restricted in scope under the *ejusdem generis* rule of statutory construction, to the papers and documents previously enumerated specifi-

cally and, so construed, extends only to documents *already* in existence and does not comprehend documents or papers that may be created as a product of the summons, such as handwriting exemplars. He relies on *United States v. Brown* (6th Cir. 1976) 536 F.2d 117, 121–22, for support. While we find the reasoning in *Campbell* more consonant with what the Supreme Court later said in *Bisceglia,* we see no necessity to consider this additional contention of the Government or the differences in the authorities on the point, since we prefer to rest our conclusions on what has been said earlier.

4. 400 U.S. at 536, 91 S.Ct. at 545.

D.C. 309, 475 F.2d 893, 895, it is not "issued in good faith" but is issued solely for a criminal purpose "if the civil liability were already determined." Without determining whether this contention is sound, it is obvious that whether the "civil liability were already determined" in this case is a factual issue, the burden of establishing which rested on the appellant, and the resolution of which by the District Court can be disturbed only if clearly erroneous. *United States v. Zack* (9th Cir. 1975) 521 F.2d 1366, 1368–9. The most that can be said for the position of the appellant on this point is that one of the investigating agents of the Service was in the Intelligence Unit, which is concerned primarily with criminal investigation, and that the agents had information that appellant "had used some of the long distance trucks owned by his corporation to transport poultry and produce" and had reported no income from any such hauling "on either the return of his corporation or [his] return." Such evidence may have been sufficient to require a hearing before the District Court, but it was not sufficient to establish an illegitimate purpose in the issuance of the summons. *United States v. McCarthy* (3d Cir. 1975) 514 F.2d 368, 375. The appellant in this case was given an evidentiary hearing and the facts on which appellant relied were considered. Over against these circumstances relied on by the appellant, the Government offered the testimony of both the special agent and the revenue agent assisting to the effect that there had been no recommendation of a criminal prosecution and no final determination or assessment of the civil tax liability. On the basis of such record, the District Court made its finding of good faith and legitimate purpose and that finding is not clearly erroneous.

■ Finally, at argument it was stated that, since the decision in the District Court, a recommendation of criminal prosecution had been made in this case. It is argued that this mooted the enforceability of the summons. Such contention is without merit. The validity of the summons "became fixed when the summons was served" and the subsequent recommendation for prosecution cannot "alter" it. *Couch v. United States* (1973) 409 U.S. 322, 329, n. 9, 93 S.Ct. 611, 616, 34 L.Ed.2d 548; *United States v. Cromer* (9th Cir. 1973) 483 F.2d 99, 101. In *Cromer*, the Court said:

> "He [the appellant] also urges that since a recommendation has now been made for criminal prosecution, enforcement of the summons *at this time* would be solely for gathering evidence. This argument also fails because the time of issuance is the significant date for determining the legitimacy of the summons. Where the possibility of civil liability as well as criminal prosecution exists at the time of issuance, the summons is valid."

The order of the District Court is accordingly affirmed.