**UNITED STATES of America and Patrick J. Finnessey, Special Agent for the Internal Revenue Service, Appellees,**

v.

**Harvey F. EUGE, Appellant.**

**No. 78-1284.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1978.

Decided Nov. 22, 1978.

James W. Erwin of Thompson & Mitchell, St. Louis, Mo., for appellant.

Daniel F. Ross, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Carleton D. Powell and Richard D. Buik, Attys., Washington, D. C., and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on the brief.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY and McMILLIAN, Circuit Judges, En Banc.

HENLEY, Circuit Judge.

This appeal which comes to us from the United States District Court for the Eastern District of Missouri [1] raises again the question of whether § 7602 of the Internal Revenue Code, 26 U.S.C. § 7602, authorizes the Internal Revenue Service to require a taxpayer whose potential tax liabilities are under investigation to appear before a Special Agent of the Service and to furnish multiple handwriting exemplars to the Special Agent for comparison purposes. A majority of this court answered that question in the affirmative in *United States v. Campbell*, 524 F.2d 604 (8th Cir. 1975).[2] The question having recurred in this case, the court deemed it well to hear this appeal *en banc* and has done so.

---

1. The Honorable H. Kenneth Wangelin, United States District Judge.

2. The decision in *Campbell* was by a divided court. In due course rehearing and rehearing *en banc* were denied. *Campbell* was cited by us as authority in *Palmer v. United States,* 530 F.2d 787, 789 (8th Cir. 1976), a case involving the power of a federal grand jury to require a witness to provide handwriting exemplars.

26 U.S.C. § 7602 is as follows:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

Where a taxpayer fails or refuses to obey an administrative subpoena issued by an agent of the IRS, the subpoena may be enforced by a judicial proceeding in the appropriate district court as provided by 26 U.S.C. § 7604, which is as follows:

(a) Jurisdiction of district court.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.—Whenever any person summoned under section 6420(e)(2), 6421(f)(2), 6424(d)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

There is no dispute about the facts of the case. In October, 1977 Special Agent Finnessey was investigating the tax obligations of respondent Harvey F. Euge for the tax years 1973, 1974, 1975 and 1976, and in connection with that investigation Special Agent Finnessey served a subpoena on Euge pursuant to § 7602 commanding the taxpayer to appear and furnishing handwriting exemplars.

Respondent advised the Special Agent that he had no intention of complying with the subpoena and did not do so. This action was commenced under § 7604 on January 12, 1978; an order to show cause was issued by the district court on January 13. Various proceedings were had in the district court in connection with discovery that respondent desired to pursue.

On April 13, 1978 the district court entered an order resolving the discovery issues against the respondent and ordering the respondent to comply with the subpoena within ten days. This appeal followed.

The question of whether § 7602 authorizes the IRS to require a taxpayer to create a document by giving handwriting ex-

emplars as contrasted to the question of whether the Service can compel the taxpayer to produce for examination an existing piece of writing or document has not been free from doubt, and, as has been noted, it divided this court in *Campbell, supra,* in 1975.

In coming to its conclusion in *Campbell,* the majority of the court analogized the power of the Service to compel the giving of handwriting exemplars to the corresponding power of a federal grand jury. *See United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973); *Palmer v. United States,* 530 F.2d 787 (8th Cir. 1976).

The Court of Appeals for the Fourth Circuit took the same approach that the majority of this court took in the *Campbell* case in *United States v. Rosinsky,* 547 F.2d 249 (4th Cir. 1977). The directly opposite result was reached in *United States v. Brown,* 536 F.2d 117 (6th Cir. 1976). The *Brown* case was cited with approval in somewhat different context in *United States v. Davey,* 543 F.2d 996, 1000 (2d Cir. 1976), wherein it was said that § 7602 does not require "preparation or production of records not yet in existence."

This *en banc* court has given the problem careful consideration, and we conclude that the view expressed in the dissenting opinion in *Campbell* is the preferable one and should be followed in this case and in the future unless the Supreme Court holds otherwise or unless Congress changes the law.[3]

Other questions raised by respondent do not survive our determination of the basic question.

The order of the district court is reversed, and the cause is remanded with directions that the administrative subpoena or summons be quashed.

STEPHENSON, Circuit Judge, dissenting.

I respectfully dissent for all of the reasons expressed in *United States v. Campbell,* 524 F.2d 604 (8th Cir. 1975).

---

3. Our holding is limited to the precise question before us, namely, whether or not the IRS has the authority under the statute here involved to compel a taxpayer to create out of thin air handwriting exemplars by using his brain, eyes and hand. We do not have here any question of the authority of the Service to require a taxpayer to retrieve raw data, such as that which may be in the workings of a computer. *Cf. United States v. Davey, supra,* 543 F.2d 996.