UNITED STATES of America and William J. Shay, Special Agent of the Internal Revenue Service, Plaintiffs,

v.

David F. DEL SANDRO, Defendant.

UNITED STATES of America and William J. Shay, Special Agent of the Internal Revenue Service, Plaintiffs,

v.

Rose Ann DEL SANDRO, Defendant.

UNITED STATES of America and William J. Shay, Special Agent of the Internal Revenue Service, Plaintiffs,

v.

Nick TONTY, Defendant.

Civ. A. Nos. 78–126 Erie to 78–128 Erie.

United States District Court,
W. D. Pennsylvania.

Feb. 7, 1979.

---

1. 290 F.2d 641 (9th Cir. 1961).

John P. Garhart, Asst. U. S. Atty., Pittsburgh, Pa., Thomas M. Lawler, Jr., Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiffs.

James K. O'Malley, Livingston, Miller, O'Malley & Clark, Pittsburgh, Pa., for defendant Del Sandro.

John R. Orie, Jr., Pittsburgh, Pa., for defendant Tonty.

## MEMORANDUM AND ORDER DENYING ENFORCEMENT OF THREE INTERNAL REVENUE SUMMONSES

WILLSON, Senior District Judge.

Contemporaneously with the hearing, which had been directed in this case, the Government filed a brief. The brief succinctly outlines the Government's position with respect to its contention that the Court should direct enforcement of the Internal Revenue summonses directed to the three individual defendants, that is, David F. Del Sandro, Rose Ann Del Sandro, and Nick Tonty.

The brief supports the allegations in the three complaints. In part, it reads:

"These are related actions, instituted by the plaintiffs pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, to enforce three Internal Revenue Service summonses served upon the defendants pertaining to an investigation of the correct federal tax liabilities of Emma Gardner.

"William J. Shay is a Special Agent of the Criminal Division Internal Revenue Service. Special Agent Shay is conducting an investigation of the federal wagering tax liabilities of Emma Gardner for the period beginning July 1, 1977 and ended June 30, 1978. The purpose of this investigation is to determine the correct civil tax liabilities of Emma Gardner and also to determine whether she filed false or fraudulent tax returns during any, or all, of the periods under investigation.

"Pursuant to this investigation, Special Agent Shay served summonses on David and Rose Ann Del Sandro, husband and wife, on August 31, 1978. In the summonses, the Del Sandros were compelled to appear before Special Agent Shay to make personal handwriting exemplars, to give testimony and to furnish all books and records relating to their participation, if any, in wagering activities during the period beginning July 1, 1977 and ended June 30, 1978. On the return date of the summonses, the Del Sandros failed to appear and failed and refused to produce the documents, testimony and handwriting exemplars sought. Because it is essential to the determination of the correct tax liabilities of Gardner for the periods under investigation that the Del Sandros be required to provide the materials demanded in the summonses, the plaintiffs filed civil actions, pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, to enforce the summonses.

"Pursuant to the investigation, Special Agent Shay also served an Internal Revenue summons upon the defendant Nick Tonty, seeking from Tonty personal handwriting exemplars, testimony and books and records relating to his participation in gambling activities during the period under investigation. Tonty appeared before Special Agent Shay on September 20, 1978, in response to the summons. When Tonty was asked whether he was currently involved in a numbers operation, he claimed the privileges of the Fourth and Fifth Amendments to the Constitution. Tonty also claimed the privileges of the Fourth and Fifth Amendments with respect to submitting handwriting exemplars.

"Although the summons required Tonty to give testimony and to produce books and records, we are not requesting enforcement of this part of the summons because of his Fifth Amendment claim. We are, however, seeking an Order from this Court directing that Tonty provide the handwriting exemplars as demanded by the summons."

A complaint against each of the above-named defendants was filed entitled: "Complaint To Enforce An Internal Revenue Service Summons," and duly served. With respect to the Del Sandro complaints, an answer was filed by James K. O'Malley, Esquire, in which it was admitted that defendant failed to appear in accordance with the summons, but the answer alleges that the defendant had no obligation to appear because the summons requested the production of documents or other data "which is not authorized by Section 7602." And as one of the affirmative defenses, it was alleged that: "Section 7602 does not authorize the production of handwriting exemplars not in existence." A similar answer was filed by Mr. O'Malley on behalf of Rose Ann Del Sandro.

In the Nick Tonty case, the same general denial was averred, that is, it is alleged that Section 7602 does not authorize the production of handwriting exemplars not in existence. But also, this defendant alleged bad faith in the issuance of the summons.

A hearing has been had in which William J. Shay, the Special Agent, was the only witness. It developed at the hearing that the Del Sandros would appear before him at any subsequent time with respect to the summonses, but would not provide the handwriting exemplars unless ordered by the Court. It is noticed too that in the Tonty case only the exemplars are at issue.

Thus, the issue is presented as to whether under Section 7602 this Court can compel these three defendants to provide handwriting exemplars. At the outset it is emphasized that these three defendants are not taxpayers under investigation. From Mr. Shay's testimony, it appears that Emma Gardner is under investigation because she allegedly conducts a numbers or lottery business in and about the City of Erie. Mr. Del Sandro is her nephew, and Rose Ann Del Sandro is his wife. Nick Tonty is not related to Emma Gardner.

The procedure in this case is pursuant to Chief Judge Seitz's direction in *United States v. McCarthy*, 514 F.2d 368, 372 (CA 3, 1975). He says in discussing the practice:

"1. The Secretary or his delegate would file a complaint accompanied by an affidavit of the agent who issued the summons, seeking enforcement. The complaint should separately allege compliance with each of the requirements of the *Powell* test of enforceability. The affidavit should support these allegations."

As counsel in these cases have argued in their briefs, there is a substantial difference of opinion among the Courts of Appeal of the Circuits as to whether handwriting exemplars, which are not in existence, can be compelled under Section 7602. In my view, that section, points towards the taxpayer in the first instance. The section relates to the ascertainment of the correctness of the return or of the determination of the liability of any person for any revenue tax, and in (2), the Secretary may:

". . . summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, *or any other person the Secretary or his delegate may deem proper*, to appear before the Secretary . . . ."

Now in these cases, this Court has concluded that the affidavit of Mr. Shay does not support the issuance of the summonses. No reason whatsoever is stated as to why exemplars from the defendants are necessary and useful in the investigation of Emma Gardner's tax liability. Nor does his in-court testimony support the issuance of the summonses. He stated that he had some writings or documents on various sheets of paper, and apparently he wished

to compare the exemplars with the documents he had in his possession for the purpose of determining whether any of these defendants or Emma Gardner made the writings on the documents. He did not contend that Emma Gardner's signature on her return was anywise suspect. The result is that he is not attempting to compare the writings on the document with her signature.

Counsel in the case have cited the various decisions of the Courts of Appeal. The Government relies, of course, upon *United States v. Rosinsky*, 547 F.3d 249, (CA 4, 1977); and the defendants rely upon the contra decisions in *United States v. Brown*, 536 F.2d 117, (CA 6, 1976), and *United States v. Euge*, 587 F.2d 25, (CA 8, 1978). It is unnecessary for me as a District Judge to analyze the decisions cited. However, I strongly lean to the *Brown* and *Euge* decisions, as being the law on the subject of handwritten exemplars.

But, nevertheless, in the instant case there are other reasons for denying enforceability of these summonses. As mentioned, these defendants are non-taxpayers. Under the circumstances in this case, the authority for his issuance of the summonses must be found in that partial sentence in Section 7602 reading:

"(2) To summon . . . or any other person the Secretary or his delegate may deem proper . . . ."

These defendants have challenged the right of the Secretary to issue a summons directed to them. Although the standard to obtain enforcement of a summons is not that of probable cause, yet the Supreme Court in the *Powell* case, 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112, referring to the issuance of a summons, says:

"He must show that the investigation will be conducted pursuant to a legitimate purpose . . . ."

And also, the Court says, (p. 58, 85 S.Ct. p. 255):

"Nor does our reading of the statutes mean that under no circumstances may the court inquire into the underlying reasons for the examination. It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused."

My conclusion is that neither in the summonses nor in the affidavit attached to the complaint, nor the testimony of the agent meet the criteria for the issuance of summonses to these defendants. It is in the same category as a policeman meeting a pedestrian on a public sidewalk and demanding of the pedestrian: "What is your name?" "Your business?" and "Where are you going?" No answer from the pedestrian is necessary. But he may well reply, "None of your business."

It is to be noticed that these are civil cases. The investigation relates to the civil tax liability of one Emma Gardner. Throughout the agent's testimony, the inference appears strong that what he in reality is seeking is evidence, which may relate to a criminal investigation of the taxpayer, of these defendants, and perhaps other persons. This is one contention of defense counsel wherein he indicates that in the summonses Mr. Shay attempted to expand his investigation. It appears that under the guise of investigating Emma Gardner the agent seeks to acquire evidence relating to a criminal investigation. Certainly such a purpose at present is not permitted under Section 7602.

It is noticed that counsel for the Del Sandros stipulated that they would appear to answer the second paragraph of the summonses. Also the Government has no request for Nick Tonty except as related to the exemplars.

Final Orders denying enforcement, therefore, follow.