**UNITED STATES of America and Patrick J. Finnessey, Special Agent for Internal Revenue Service, Appellee,**

v.

**Harvey F. EUGE, Appellant.**

**No. 82–1043.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1982.

Decided Oct. 18, 1982.

Rehearing and Rehearing En Banc Denied Nov. 30, 1982.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, Thomas G. Brackman, Clayton, Mo., for appellant Harvey Euge.

Thomas E. Dittmeier, U. S. Atty., Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellees.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Harvey F. Euge appeals various orders of the district court enforcing an Internal Revenue Service (IRS) summons for handwriting exemplars (order of July 30, 1981), finding him in civil contempt for refusing to provide the handwriting samples (order of November 24, 1981), and committing him to the custody of the United States Attor-

ney General (order of November 30, 1981).[1] We affirm.

This case arises out of an October, 1977 IRS summons seeking multiple handwriting exemplars from appellant. When appellant refused to appear and furnish the requested exemplars, the IRS brought an enforcement action in the district court. In January, 1978 the district court issued an order to show cause why the summons should not be enforced and after further proceedings, granted enforcement in April, 1978. On appeal, this court reversed the enforcement order and remanded the cause to the trial court with directions to quash the summons. *United States v. Euge*, 587 F.2d 25 (8th Cir. en banc 1978). The Supreme Court reversed this court's decision, holding that the IRS may compel handwriting exemplars under its summons authority[2] since such exemplars are not testimonial evidence protected by the privilege against self-incrimination. *United States v. Euge*, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980).

In its order remanding the cause to the district court for further proceedings consistent with the Supreme Court's decision, this court noted that it had not addressed three other issues raised on appeal in its decision reversing the district court's enforcement order. These issues were whether

(1) There was insufficient evidence that certain existing handwriting exemplars available to the [IRS] were inadequate for the desired comparison;

(2) The district court abused its discretion in not permitting prehearing discovery from the [IRS]; and

(3) The district court erred in specially appointing an Internal Revenue Agent, who was investigating appellant, to serve process upon appellant.

*United States v. Euge*, 624 F.2d 1109 slip op. at 2 (8th Cir. 1980) (en banc). In disposing of these claims pursuant to Eighth Circuit Rule 14 we stated:

1. By its terms the November 30 order stayed appellant's commitment pending this appeal.

2. 26 U.S.C. § 7602.

[I]n the circumstances of this case the evidence supports the action of the district court in enforcing the questioned Internal Revenue summons in the time and manner adopted by that court, that there was no abuse of discretion in limiting discovery and that a detailed opinion on these issues would have no precedential value. [Citation omitted.]

*Id.* Appellant's subsequent petition for rehearing and motions for stay of mandate, recall of mandate, and reconsideration were denied. The Supreme Court also denied certiorari in December, 1980 and a petition for rehearing in February, 1981.

Because appellant continued to stall, the IRS once again sought enforcement of its summons. On July 30, 1981 the district court ordered appellant to provide the requested handwriting exemplars.[3] This court subsequently dismissed an appeal from this order pursuant to former Eighth Circuit Rule 9(a).[4] *United States v. Euge,* No. 81–1939 (8th Cir. Oct. 7, 1981). A petition for rehearing was also denied. The IRS subsequently moved for a contempt judgment, which was entered on November 24, 1981 after a hearing. The order of commitment followed shortly thereafter.

Appellant urges three grounds for reversal of the July 30, 1981 enforcement order and the November, 1981 contempt and commitment orders. First, he argues that the district court did not have jurisdiction over him because the 1978 show cause order and the petition for enforcement were served upon him by the IRS agent who was seeking enforcement of the summons, in violation of Federal Rules of Civil Procedure 4(c) and 45(c).[5] Relatedly, appellant contends for the first time in this appeal that the court lacked personal jurisdiction because the 1978 show cause order that was served upon him was not an original or copy personally signed by the district judge.

In the second point raised on appeal, appellant takes exception to the portion of the district court's enforcement order of July 30, 1981 stating that the requested exemplars "shall be given in the manner and form prescribed by [IRS] Special Agent Patrick J. Finnessey."[6] *United States v. Euge,* No. 78 Misc. 4, slip op. at 2 (E.D.Mo. July 30, 1981). He argues that the enforcement order was too ambiguous and indefinite to support a contempt judgment because the handwriting exemplar form was not presented to him or incorporated into the order and he was not given any indication of the manner and form that IRS agent Finnessey would prescribe for him to complete the exemplars.

Finally, appellant urges that the July, 1981 enforcement order should be vacated because it violates his right against self-incrimination by compelling him to provide testimonial evidence against himself, that is, his occupation and employer's name and address. He argues that although this information is sought in connection with a civil investigation it could "lead to other discoverable information in a future criminal prosecution against him."

We briefly address each of appellant's contentions in turn.

 In the remand order issued after the Supreme Court reversed our decision in *United States v. Euge,* 444 U.S. 707, 100

---

**3.** The order directed appellant to comply by completing a Treasury Department handwriting exemplar form to be provided by IRS agent Patrick J. Finnessey, who had been handling the IRS investigation of appellant, and by giving ten exemplars of particular names "in the manner and form prescribed by Special Agent Patrick J. Finnessey." *United States v. Euge,* No. 78 Misc. 4, slip op. at 2 (E.D.Mo. July 30, 1981).

**4.** Under a revision of the Circuit Rules effective October 1, 1981, former Rule 9(a) is now Rule 12(a).

**5.** At the time service was effected Rule 4(c) provided that "[s]pecial appointments to serve process shall be made freely when substantial savings in travel fees will result." Appellant contends that there was no showing that appointing the IRS agent seeking enforcement on behalf of the IRS as process server would result in any savings. With respect to Rule 45(c), he notes that the rule states that service may not be effected by a party to the action.

**6.** *See* note 3 *supra.*

S.Ct. 874, 63 L.Ed.2d 141 (1980), this court considered the portion of appellant's jurisdictional argument asserting that the district court lacked personal jurisdiction because the IRS summons and petition for enforcement were served by an IRS agent and resolved the matter against appellant. *United States v. Euge,* 624 F.2d 1109 (8th Cir. 1980). Since this issue was raised, litigated, and decided in the earlier proceeding, the bar of collateral estoppel precludes a new determination of the identical question in this appeal. *See, e.g., Sydnes v. Commissioner,* 647 F.2d 813 (8th Cir. 1981). With respect to appellant's other jurisdictional claim, appellant cites no authority for the alleged requirement that the show cause order served upon appellant must be an original or copy signed by the district judge, and we know of none. The conformed copy served bore the official seal of the district court and the signature of the clerk. No more was required.

 Appellant also cannot prevail on the two remaining claims on appeal. To the extent that his challenges are directed at the terms of the district court's enforcement order of July 30, 1981, our dismissal of an earlier appeal from this order, *United States v. Euge,* No. 81–1939 (8th Cir. Oct. 7, 1981), triggers application of the doctrine of res judicata, which bars relitigation of any matter that was raised or that could have been raised in a previous proceeding. *See, e.g., Robbins v. District Court,* 592 F.2d 1015 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979). Moreover, any of the contentions that are properly before this court are clearly without merit. Appellant has now fully exhausted the litigation process. The time has come for him to comply with the order of the district court enforcing the IRS summons or face the consequences.

From what has been said, it follows that the judgment of the district court is affirmed. Let mandate issue forthwith.