**GARPEG, LIMITED, Petitioner,**

**and**

**The Chase Manhattan Bank, N.A., Intervenor,**

v.

**UNITED STATES of America, Respondent.**

**No. 84 Civ. 0437 (RWS).**

United States District Court, S.D. New York.

April 19, 1984.

Steptoe & Johnson, Chartered, Washington, D.C., Gallop, Dawson, Kimelman & Clayman, New York City, for petitioners; Gerald A. Feffer, Washington, D.C., Charles E. Clayman, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Jonathan A. Lindsey, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

In an opinion and order dated March 23 and March 30, 1984, respectively, this court ordered the partial enforcement of an Internal Revenue Service ("IRS") summons issued on December 19, 1983, pursuant to 26 U.S.C. § 7602, to the Chase Manhattan Bank, N.A. ("Chase") in connection with an IRS investigation of Aldo Gucci and Gucci Shops, Inc. (collectively "Gucci") 583 F.Supp. 789. As modified and enforced, the summons required production of documents and records pertaining to any financial transactions between Garpeg, Limited ("Garpeg"), a Hong Kong corporation, and Gucci, and any financial transactions between Garpeg and other persons or entities authorized by Gucci. The order dated March 30, 1984 directed production by Chase on or before April 9, 1984.

On April 10, 1984, Garpeg moved by order to show cause to vacate the enforcement order and to quash the summons, alleging that the IRS had made a formal recommendation to the Tax Division of the United States Department of Justice to commence a grand jury investigation of Gucci for offenses connected with the administration or enforcement of the Internal Revenue laws and that, under 26 U.S.C. § 7602(c), such a referral precludes enforcement of an administrative summons. The motion was orally argued on April 13, 1984, and the court's prior order enforcing the summons was stayed pending argument and disposition of the motion.

The summons was issued on December 19, 1983 and the petition to enforce the summons was filed in February 1984. According to the affirmation of the Assistant United States Attorney, the Chief of the Criminal Division of the United States Attorney's Office for the Southern District of New York in a letter dated February 27, 1984, requested the assistance of the IRS in a grand jury investigation. Thereafter, in a letter mailed on March 30, 1984, the

Regional Counsel of the IRS referred the matter to the Tax Division of the Department of Justice with a recommendation that approval be given for a grand jury investigation. Thus, the referral was not made until after the summons enforcement proceedings had begun and after this court's opinion dated March 23, 1984 directed enforcement.

Section 7602(c) provides in pertinent part:

**(1) Limitation of authority**—No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

Citing this section and *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), Garpeg urges that the IRS' referral of its investigation to the Justice Department divests the IRS of authority to enforce its summons, despite issuance of the summons prior to the Justice Department referral.

The Government relies upon the language of the statute which prohibits only the issuance of a summons and the initiation of enforcement proceedings after a Justice Department referral. The question presented derives from the fact that the language of the statute does not cover the present situation since the summons was issued, although not enforced, prior to referral of the matter to the Justice Department. Both Garpeg and the Government argue that the clear implication of the statute supports their respective positions.

In *LaSalle,* the Supreme Court held that (1) a summons must be issued before the IRS recommends criminal prosecution to the Justice Department and (2) the IRS must at all times use the summons authority in good faith pursuit of the Congressionally authorized purposes of 26 U.S.C. § 7602. *Id.* at 318, 98 S.Ct. at 2368. The Court gave the following explanation for its restriction on the IRS' summons authority after a referral:

A referral to the Justice Department permits criminal litigation to proceed. The

IRS cannot try its own prosecutions. Such authority is reserved to the Department of Justice and, more particularly, to the United States Attorneys. 28 U.S.C. § 547(1). Nothing in § 7602 or its legislative history suggests the Congress intended the summons authority to broaden the Justice Department's right of criminal litigation discovery or to infringe on the role of the grand jury as a principal tool of criminal accusation. The likelihood that discovery would be broadened or the role of the grand jury infringed is substantial if post-referral use of the summons authority were permitted.

*Id.* at 312, 98 S.Ct. at 2365 (citations omitted).

■ Garpeg contends that the IRS' referral of its investigation of Gucci to the Justice Department negates any legitimate use of the summons. To justify enforcement, the IRS must demonstrate, among other things, "that the investigation will be conducted pursuant to a legitimate purpose." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). Gathering information solely for a criminal prosecution is not a legitimate purpose. In *LaSalle,* the Supreme Court stated that "the good-faith standard will not permit the IRS to become an information-gathering agency for … the Department of Justice." *LaSalle,* 437 U.S. at 317, 98 S.Ct. at 2368. At least one court has interpreted *LaSalle* to mean that abandonment of the civil investigation is conclusively presumed to have occurred when the IRS recommends criminal prosecution to the Justice Department. *United States v. Civella,* 666 F.2d 1122, 1128 (8th Cir.1981). Of course, the Court in *LaSalle* recognized that the IRS retains an interest in pursuing civil tax liability after a referral has been made, *LaSalle,* 437 U.S. at 311–12, 98 S.Ct. at 2364–65, but it concluded that "[e]ffective use of information to determine civil liability would inevitably result in criminal discovery." *Id.* at 312, 98 S.Ct. at 2365.

It is conceded that section 7602(c)(1) was enacted in response to the "protracted" and

"wasteful litigation" spawned by *LaSalle* concerning the existence of any institutional commitment by the IRS to refer a case to the Justice Department. S.Rep. No. 494, 97th Cong., 2d Sess. 285, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1031. Because many tax investigations have both civil and criminal aspects, Congress concluded that "a clear definition of when the power to issue an administrative summons exists and when it does not exist in cases with a criminal aspect would simplify administration of the laws without prejudicing the rights of taxpayers." *Id.* By enacting Section 7602(c)(1), Congress sought to establish an objective test: once a referral has been made, no summons may be issued and no enforcement proceedings may be commenced.

■ It is well settled, moreover, that the validity of an IRS summons is tested as of the date of issuance. *See, e.g., In re Magnus, Mabee & Reynard, Inc.*, 311 F.2d 12, 16 (2d Cir.1962), *cert. denied*, 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963); *United States v. Rosinsky*, 547 F.2d 249 (4th Cir.1977); *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir.1974); *United States v. Held*, 435 F.2d 1361, 1364 (6th Cir.1970), *cert. denied*, 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971); *United States v. Giordano*, 419 F.2d 564, 568 (8th Cir.1969), *cert. denied*, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970); *United States v. Lipshy*, 492 F.Supp. 35, 49 (N.D. Tex.1979); *United States v. Bonnell*, 483 F.Supp. 1070, 1082 (D.Minn.1979); *United States v. Bank of California*, 424 F.Supp. 220, 223 n. 6 (N.D.Cal.1976).

■ In a case decided before *LaSalle* and the enactment of 26 U.S.C. § 7602(c), Garpeg's view, that a criminal reference makes a civil summons unenforceable, was rejected. In *Rosinsky, supra*, a recommendation of criminal prosecution was made after the decision of the district court but prior to a decision on appeal. The court noted: "The validity of the summons became fixed when the summons was served and the subsequent recommendation for prosecution cannot 'alter' it." *Ros-*

*insky, supra*, at 254 (quoting *Couch v. United States*, 409 U.S. 322, 329 n. 9, 93 S.Ct. 611, 616 n. 9, 34 L.Ed.2d 548 (1973)). *See also United States v. Cromer*, 483 F.2d 99, 101 (9th Cir.1973). In this case, the summons was valid when issued in December. A subsequent recommendation of a grand jury investigation does not strip the summons of enforceability. The language of section 7602, as amended, does not require a contrary conclusion. Accordingly, the summons remains enforceable.

■ Garpeg also argues that the IRS' failure to disclose its referral to the Justice Department during the course of the summons enforcement proceedings constitutes bad faith. Recognizing that it must shoulder the burden of demonstrating an abuse of process by the IRS, *see United States v. Powell*, 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir.1976), Garpeg seeks an evidentiary hearing. There is, however, no support for Garpeg's allegations of bad faith. According to the affirmation of the Assistant United States Attorney, the IRS referral did not take place until after the court's opinion dated March 23, 1984. As noted in *United States v. Genser*, 595 F.2d 146, 151 (3d Cir.1979), "summonses issued by an investigating agent before that agent recommended prosecution [are] virtually unassailable." To permit an evidentiary hearing under these circumstances would be to engage in the "protracted" and "wasteful" litigation that 26 U.S.C. § 7602(c)(1) seeks to avoid.

■ Finally, Garpeg argues that the Internal Revenue Manual ("IRM") requires the IRS to terminate its investigation upon referral of the matter to the Justice Department. Section 9267.4 of the IRM states:

Once a grand jury request has been approved by Service and Department of Justice officials, the District Director will notify the Chief, Examination Section ... that the taxpayer is under grand jury investigation and that civil action must either be suspended or not initiated on

the subject taxpayer for the type of tax involved and all subsequent periods.

There is no grand jury investigation at this time. Moreover, contrary to Garpeg's assertion that the IRS has no proper use for the records summoned, the IRM states that "the Examination function will be responsible for the civil statutes relative to the periods under investigation by the grand jury," IRM § 9267.4(2). It is not necessary to decide the impact of the grand jury investigation on the civil case, once it has been initiated.

Accordingly, Garpeg's motion to quash the summons and to vacate this court's order dated March 30, 1984 is denied. The court's order enforcing the summons will be stayed until April 23, 1984 at 5:00 p.m. in view of the impending Easter weekend to permit an application to the Court of Appeals. Garpeg's request for a stay pending appeal is otherwise denied.

IT IS SO ORDERED.