**VANGUARD INTERNATIONAL MANUFACTURING, INC., Petitioner,**

**and**

**Citibank, N.A., Intervenor,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 84 Civ. 436 (RWS).**

United States District Court, S.D. New York.

July 6, 1984.

---

the court disagrees with Vanguard's argument that a court, in an enforcement proceeding, may not consider information discovered by the IRS

after the date the summons was issued in determining whether the records requested are relevant to the investigation.

Gallop, Dawson, Kimelman & Clayman, New York City, for petitioner; Steven Kimelman, Charles E. Clayman, Chris McAliley, New York City, of counsel.

Shearman & Sterling, New York City, for intervenor; Danforth Newcomb, Stuart D. Sender, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty. for the Southern District of New York, New York City, for respondent; Jonathan Lindsey, Asst. U.S. Atty., New York City, of counsel.

## ORDER

SWEET, District Judge.

As more fully set forth in the opinion of this date in *Vanguard International Manufacturing, Inc. v. United States*, 588 F.Supp 1229 (1984), this action is one of a series of related actions arising out of an Internal Revenue Service ("IRS") investigation of Dr. Aldo Gucci ("Gucci") and Gucci Shops, Inc. ("Gucci Shops"). Vanguard International Manufacturing, Inc. ("Vanguard") commenced this action on January 19, 1984 by filing a petition to quash an IRS summons issued to Citibank, N.A. ("Citibank") pursuant to sections 7602 and 7609 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7602, 7609. The summons requested production of records located in all branches of Citibank concerning, among other things, bank accounts "in the name of and/or under the signatory authority of Vanguard for the period September 1, 1978 through January 31, 1982." Notice of the summons was given to Vanguard on December 30, 1983. The Government has moved to enforce the summons. For the following reasons, the summons will be enforced, and the petition to quash the summons will be dismissed.

### Discussion

■ Vanguard contends that the IRS has failed to demonstrate that the records summoned may be relevant to its inquiry into the tax liability of Gucci Shops and Gucci. The standard of relevancy is, of course, whether the documents requested "might have thrown light upon" the correctness of a return. *United States v. Arthur Young & Co.*, 677 F.2d 211, 218 (2d Cir.1982), *rev'd in part, aff'd in part,* —— U.S. ——, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984); *United States v. Noall*, 587 F.2d 123, 125 (2d Cir.1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979); *United States v. Shlom*, 420 F.2d 263, 265 (2d Cir.1969), *cert. denied*, 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); *Foster v. United States*, 265 F.2d 183, 187 (2d Cir.), *cert. denied*, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959).

■ The Government has submitted a supplemental affidavit of Richard Collery, Special Agent of the Criminal Investigation Division of the IRS (the "Collery affidavit") in support of enforcement.[1] The Collery affidavit indicates that Gucci controls Vanguard and Vanguard owns 16.7% of the stock of Gucci Shops. Vanguard also holds the title to one of Gucci's residences in Palm Beach, Florida. Moreover, Vanguard loaned nearly $2 million to Gucci Shops in 1980, and, in 1981, Gucci Shops made substantial loan repayments to Vanguard, some of which were apparently credited to Gucci's account. These facts have not been disputed by Vanguard, and they readily meet the low standard of relevance under section 7602. As the Supreme Court noted:

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed.Rule Evid. 401.

The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS, *see United States v. Powell*, 379 U.S. 48, 57 [85 S.Ct. 248, 254, 13 L.Ed.2d 112] (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

*United States v. Arthur Young & Co.,* —— U.S. ——, ——, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826, 52 U.S.L.W. 4355, 4358 (U.S. Mar. 20, 1984).

■ Vanguard has also argued that the summons may not be enforced because the IRS has referred the investigation to the Department of Justice for grand jury proceedings. For the reasons set forth in *Garpeg, Ltd. v. United States*, 583 F.Supp. 799 (S.D.N.Y.1984), and in the opinion of this date in *Vanguard International Manufacturing, Inc. v. United States*, 588 F.Supp 1229 (1984), the court concludes that a summons issued in good faith prior to a grand jury referral may be enforced after such a referral.

For the foregoing reasons, the petition to quash the summons is dismissed, and the Government's motion to enforce the summons is granted.

**IT IS SO ORDERED.**

---

1. Vanguard argues that the court should not consider the supplemental affidavit because information contained in it may not have been in Special Agent Collery's possession at the time he issued the summons. While the court in its April 19, 1984 opinion in *Garpeg, Ltd. v. United States*, 583 F.Supp. 799 (RWS), concluded that the IRS's good faith should be determined at the time of issuance of the summons and, of course, relevancy is a factor in determining good faith, the court disagrees with Vanguard's argument that a court, in an enforcement proceeding, may not consider information discovered by the IRS after the date the summons was issued in determining whether the records requested are relevant to the investigation.